## ROBARDS VS. BROWN ET AL.

1. MORTGAGES: *Sales. Act of March 17th,* 1879.
   The act of March 17th, 1879, "to regulate the sale of property un-
   der mortgages and deeds of trust," is unconstitutional as to
   mortgages and deeds of trust executed before the passage of the
   act. [The ruling of the Court in *Turner v. Watkins,* 31 *Ark.,*
   429, that the redemption act of 1868 applied to debts contracted
   before as well as after its passage, explained, and, in effect, over-
   ruled. Rep.]

2. CONTRACTS: *Existing laws a part of.*
   Parties are conclusively presumed to contract with reference to the
   law existing at the time when and the place where the contract

is made and to be performed. It enters into and becomes a part of the contract.

3. SAME: *Power of Legislature to affect a contract or remedy.*
The Legislature may change legal remedies, forms of action, pleading, &c., but it cannot affect the validity, construction, discharge or enforcement of a contract further than such change may incidentally delay the collection of debts. It cannot, under the guise of changing the remedy, impair the obligation of the contract; and any legislation which deprives a party of a remedy substantially as efficient as that which existed at the making of the contract does impair its obligatory force.

APPEAL from *Logan* Circuit Court.
Hon. J. H. ROGERS, Circuit Judge.

*Duval & Cravens* for appellant.

The act of March 17th, 1879, so far as it requires the property to bring two-thirds of its appraised value, is conceded to be unconstitutional, but the right of redemption may be extended to sales under judgments rendered upon contracts in existence prior to the passage of the law. A law may be valid in part and invalid in part, and the valid will stand if separable, &c. *Cooley Con. Lim.*, 214-19; *People v. Ball*, 46 *N. Y.*, 68; 47 *Ib.*, 608; 50 *Ib.*, 566; 2 *Pet.*, 526; 13 *Am. L. R.*, 53; *Turner v. Watkins*, 31 *Ark.*, 444; *Sec.* 2696 *Gantt's Dig.*

The remedy may be suspended provided it does not impair the ultimate enforcement of the contract. 3 *Denio*, 274; 6 *Abb. Pr.*, 221; *Sullivan v. Brewster*, 1 *E. D. Smith*; *More v. Gould*, 11 *N. Y.*, 281; *Dwarris on Statutes*, 162, *note* 9.

*Clendenning & Sandels* for appellees.

1. The act is clearly unconstitutional. 1 *How.*, 311; 8 *Wheat.*, 1 *and* 75.

2. A void section may be stricken out, and the balance stand, unless inseparable, &c., but if they form dependent and inseparable parts of a system, the whole is

invalidated.   14 *Mich.*, 276; 19 *Cal.*, 513;  5 *Oh. St.*, 497; 15 *Wis.*, 20; 33 *Cal.*, 212.

*U. M. & G. B. Rose* also for appellees.

The decisions of the Federal Courts are decisive of this question.  See *Bronson v. Kinzie*, 1 *How.*, 311.

SMITH, J.   In 1874 C. G. Scott and wife and Henry C. Robards and wife executed to Augustus J. Ward as trustee a deed of trust upon several tracts of land to se- cure the payment of sundry debts.   Power and directions were given to the trustee to sell the lands and distribute the proceeds upon the happening of certain contingencies.   In 1880 the trustee advertised and sold the prem- ises to Brown, who paid his bid and received his convey- ance.   In making the sale, the trustee paid no attention to the act of March 17, 1879, entitled "An act to regu- late the sale of property under mortgages and deeds of trust."   The first section of this act reads: "That at all sales of personal or real property under mortgages and deeds of trust in this State, such property shall not sell for less than two-thirds of the appraised value thereof. Provided, that this act shall not apply to sales of proper- ty for the purchase money thereof;  provided that if the property shall not sell at the first offering for two-thirds of the amount of the appraisement, then in case of per- sonal property another offering may be made sixty days thereafter, and in case of real property, another offering may be made twelve months thereafter, at which offerings the sale shall be to the highest bidder, without reference to the appraisement;  and provided that real property sold hereunder may be redeemed by the mortgagor at any time within one year from the sale thereof, by pay- ment of the amount for which said property is sold, to- gether with ten per cent. interest thereon and cost of sale."

The second section provides for the appointment of appraisers by a Justice of the Peace.

Within a year after the sale Robards tendered to Brown the amount of money required by the act, and sought to redeem. But Brown refused the money; Robards withheld possession, and Brown brought ejectment. Robards defended the action upon the ground that the trustee had not observed the above-quoted act. And on a trial before the Court he proved his offer to redeem within the time limited, and asked the Court to declare the law to be, that he had the right to redeem from said sale, and that the conveyance by the trustee before the expiration of the year did not divest his title and vest the same in the purchaser. This declaration the Court refused to make, but declared the law to be in favor of the plaintiff, and gave judgment accordingly.

1. Mortgage sales. Act of 1879 unconstitutional as to prior mortgages. As this raises a federal question, the interpretation which the Supreme Court of the United States has placed upon that clause of the Constitution which prohibits the States from passing laws impairing the obligation of contracts, is of controlling influence with us. And we find that in *Bronson v. Kinzie*, 1 *Howard*, 311, this precise question was presented. It was there decided, after the most mature deliberation, Chief Justice Tauey delivering the opinion of the court, that both the appraisement and the redemption clause of a similar act, passed by the Legislature of Illinois, were unconstitutional, as applied to mortgages previously executed.

This decision has been followed in *McCracken v. Haywood*, 2 *How.*, 608; *Gantley's Lessees v. Ewing*, 3 *Id.*, 707; *Howard v. Bugbee*, 24 *Id.*, 461, and in numerous other cases. So that there is not the least room to doubt what the decision of that Court would be if this case were taken there, as it might be by writ of error in case

Robards v. Brown et al.

we should hold that the act operated upon previous contracts.

And this construction rests upon a very solid foundation of reason, as well as authority. The laws which are in force at the time when, and the place where, a contract is made and to be performed, enter into and form part of it. This is only another mode of saying that parties are conclusively presumed to contract with reference to the existing law. The Constitution forbids all laws, alike, which affect the validity, construction, discharge and enforcement of contracts. The State may change legal remedies, forms of action, of pleading and of process, the times of holding courts, etc., and may shift jurisdiction from one court to another. And such changes may have the incidental effect of delaying the collection of debts. But the Legislature cannot, under the guise of legislating upon the remedy, in effect, impair the obligation of contracts. The idea of right and remedy are so intimately associated as often to be inseparable. Now any legislation which deprives a party of a remedy substantially as efficient as that which existed at the making of the contract, does impair its obligatory force. *Van Hoffman v. Qnincy*, 4 *Wall.* 535; *White v. Hart*; 13 *Id.*, 646; *Walker v. Whitehead*, 16 *Id.*, '314; *Gunn v. Barry*, 15 *Id.*, 610; *Edwards v. Kearzey*, 96 *U. S.* 595.

If the law applies to antecedent mortgages, it takes away from the creditor the means of enforcing his mortgage, which he had expressly contracted for, viz: to subject the fee in the lands to an unconditional and absolute sale, for the purpose of paying his debt, and substitutes, in lieu of this, the conditional power to sell, if a certain price can be obtained; and even then the estate of the purchaser is subject to be defeated by the

2. C o n-
TRACTS:
Existing
laws a part
of.

3. Power of
L egislature
to affect ex-
isting con-
trasts.

Robards v. Brown et al.

return of the purchase-money, with ten per cent interest, before the expiration of the year. Common sense and observation teach us that the right to sell at once the entire fee simple in lands and to give the purchaser immediate possession is worth more and will be more likely to produce the mortgage debt than the restricted right of selling a conditional interest in the lands. Thus the law, if extended to previous mortgages, would curtail and materially embarrass the creditor's right to subject the entire interest of the debtor in the property to the payment of the debt intended of be secured. *Curran v. Arkansas*; 15 *How.*, 304 ; *Scobey v. Gibson*, 17 *Ind.*, 572; *same case;* 1 *Amer. Law Reg.*, *N. S.*, 221.

*Turner v. Watkins* overruled.
The case of *Turner v. Watkins*, 31 *Ark.*, 429, was decided upon its own peculiar circumstances. There the .debtor had entered into an agreement with the attorney of his creditors that his property should be sold under execution in a particular way; he waiving advertisment but stipulating that they should bid the amount of their debt, and that he should have twelve months in which to redeem, by paying interest at the rate of fifteen per centum per annum. The debtor never redeemed, but another judgment creditor did redeem, and procured a conveyance; and the debtor afterwards acknowledged his right, attorned to him as his tenant, and entered into an agreement with him to buy back the lands. And it was held that the judgment-debtor was estopped to deny the title so acquired, and the validity of which had been admitted by himself.

The case does indeed show that it was the opinion of the Judge who prepared the opinion of the majority of the Court, that the provisions for the redemption of land sold under execution applied as well to pre-existing debts

as to those contracted subsequent to the passage of the law.

Affirmed.