## MATTHEWS v. PAINE, AD., ETC.

1. STATE COMITY: *Contract made in another state.*
   The courts of this state will adjudicate the rights of parties in contracts made and to be performed in another state precisely as they would be adjudicated in the courts of that state.

2. USURY: *Actually paid, how recoverable.*
   Where a statute provides for the recovery by suit of illegal interest which has been paid, that remedy is exclusive, and in an action for the principal debt the excessive interest can not be recouped.

3. SAME: *Statute of Limitations against suit to recover.*
   Where more than three years has elapsed since the payment of excessive interest any claim to recover this excess is barred.

APPEAL from *Mississippi* Circuit Court.
Hon. W. H. CATE, Circuit Judge.

*Greer & Adams* for Appellant.

The original note, out of which the two notes sued on grew, was made in the state of Tennessee, and by the laws of that state it was illegal, and subjected the taker, appellee's intestate,

to indictment and fine under the criminal laws of the state of Tennessee. *Thompson & Steger's Dig. Tenn. Stat., sec. 1944a et seq.; Agreement of Counsel; Bill of Exceptions.*

And if a contract is illegal by the law of the place where made it is illegal and void everywhere, and state comity will not enforce it against the maker. *Daniel on Neg. Inst., vol. 1, pp. 658–660, 1 ed.; 16 N. H., 102; 30 Ill., 164; 2 Mass., 84; 2 Johns Cas., 355; 7 Ohio St., 134; 2 Barr, 1077.*

The original note is dated at Memphis, Tennessee, and in the absence of a stipulation in the note as to where it was payable, and no proof to the contrary, *prima facie* it was payable at the place where made. *Daniel on Neg. Inst., pp. 472–3–4, 1st vol.; Parsons on Notes and Bills, 1st vol., 424.*

It is true that at the date of making and delivery of said original note, the laws of the state of Arkansas authorized the taking of any rate of interest that might be contracted for. But if suit had been brought in Arkansas on the original note *before* the adoption of the *Constitution of 1874*, the laws of the state of Tennessee, by reason of state comity, would prevail in its enforcement in the courts of the State of Arkansas. *De Peau v. Humphries, 20 Mart. (La.), 1; Andrews v. Pond, 13 Pet., 65; Chapman v. Robertson, 6 Paige, 627; Miller v. Tiffany, 1 Wall., 310.*

However, the notes sued on bear date "Osceola, Ark., July 12, 1877," and the amount for which they were given was arrived at by calculating interest at the rate of twelve per cent. per annum at Osceola, in Arkansas, on an amount of money claimed to be due to appellee's intestate from appellant. The lower court so found as a fact, without exceptions or objections on the part of appellee, which is conclusive in this case, and this honorable court will not disturb the facts so found by the lower court sitting as a jury. *Woodruff v. McDonald, 33 Ark., 97–100; Obermier & Co. v. Core, Thompson & Co., 25 Ark., 562; Saulet v. Shepherd, 4 Wall. (U. S.), 502.*

It is an attempt to collect interest on a promissory note at the rate of twelve per cent. per annum, which is usury, and in conflict with the constitution and laws of the state of Arkansas. *Art. 19, sec. 13, Const. 1874; Mansf. Dig., sec. 4732; German Bank v. Deshon, 41 Ark., 331.*

SMITH, J. The administratrix of the estate of J. F. Davies, deceased, brought an action against Mathews on two promissory notes, made at Osceola, in this state, July 12, 1877, for $627.62 and $500, respectively, and due and payable to her intestate on the 1st day of January, in the years 1878 and 1879, with interest from date at ten per cent. per annum. The defendant admitted the execution of the notes, but alleged that they were given for an alleged balance due Davies on a certain other promissory note, dated Memphis, Tenn., April 17, 1873, for the sum of $3402, made by J. H. Edrington & Co., of which he was a member, with twelve per cent. interest from date, and payable on the 15th day of November, 1873; that said note was illegal by the laws of the state of Tennessee where it was made; that the notes sued on and given for said alleged balance were executed in Arkansas after the adoption of the constitution of 1874; that they included interest at a greater rate than ten per cent. per annum, and by the laws of Arkansas were absolutely void for *usury;* that he had more than paid said original note with six per cent interest thereon, and denied that he was indebted to Davies in any sum whatever.

It was agreed the cause might be tried before the court without a jury. The defendant introduced the original note made by J. H. Edrington & Co., with the indorsements thereon, showing partial payments made at various times and amounting in the aggregate to $3025.42. Blackwood, a witness for him, testified: That he recognized said original note; that some of the credits thereon were in his handwriting; that he made the calculation of interest thereon at the rate of twelve per cent per annum; that the other credits on the back of said note, except two,

Matthews v. Paine, ad., etc.

are in the handwriting of J. F. Davies; that the last two credits are in the handwriting of J. W. Clapp, Jr., who was the book-keeper of J. H. Edrington & Co.; that at the time the note for $3402 was made he was in the employment of J. H. Edrington & Co., and he knew John Mathews was a member of said firm; and that the words " Paid by new notes July 12, 1877," indorsed across the face of said original note, are in the handwriting of John Mathews.

The defendant then introduced the Statutes of Tennessee, which it was agreed was the law, at the date of the making of said original note.

The substance of this legislation is, that six per cent is established as the legal rate of interest when no other rate is specified, but parties may contract in writing for the payment of as much as ten per cent. per annum. The taking or reservation of more than ten per cent. is declared to be usury; but the effect is not to avoid the contract *in toto*, but only to forfeit the interest in excess of six per cent., and to entitle the debtor if he has paid usurious interest to recover the same by suit, and to subject the usurer to a criminal prosecution.

The court found, as a fact, that said two notes sued on were given for the balance due on the note of J. H. Edrington & Co., and to arrive at the amount of the notes sued on interest was calculated on said original note at twelve per cent. per annum; but, as a question of law, said two notes became an executed contract, and a plea of usury in defense thereto was bad; and rendered judgment for the plaintiff for the full amount of the notes sued on. The defendant thereupon filed his motion for a new trial, which was by the court overruled. The defendant excepted and prayed an appeal to this court.

At the date of the making of the original note, the laws of Arkansas authorized the taking of any rate·of interest for the loan or forbearance of money that the parties might agree

1. STATE COM-
ITY: Contracts.
made in another
State.

upon.   Section 13 of Article 19, Constitution of 1874, avoids all contracts for a higher rate than ten per centum per annum, both as to principal and interest.   But the several notes, which are the foundation of this action, do not violate this provision. The parties had a settlement in 1877, and found that, computing the interest at twelve per cent., there remained due of the principal $1127.62.   For this balance one of the debtors made his two notes carrying interest until maturity at the rate of ten per cent. and thereafter only six per cent.

So that whatever of usury there was in the transaction must inhere in it by virtue of the laws of Tennessee, where the original contract was made, and where, presumably, it was to be performed.   And exercising that comity which exists between courts of the different states, we adjudicate the rights of the parties precisely as we understand they would be adjudicated if they were in a court of Tennessee.

2. USURY:—
Actually paid,
how recovera-
ble.

The answer avers the payment of usurious interest, and seeks to apply it by way of payment to the note in suit.   But illegal interest actually paid cannot be applied to the discharge of the principal debt.   The statute confers the right of reclamation, and prescribes the remedy, viz., by suit to recover it back; and that remedy is exclusive.   Such is the construction placed upon analogous provisions contained in the national currency act of congress, of June 3, 1864.   *Barnet v. National Bank, 98 U. S., 555; Cook v. Lillo, 103 U. S., 792; Driesbach v. National Bank, 104 Id., 52; Walsh v. Mayer, 111 U. S., 31; Carter v. Carusi, 112 Id., 478.*

3. SAME:—
Statute of Lim-
itations.

But if we are mistaken in this construction of the Tennessee statute, and regarding this effort at recoupment as a suit to recover usury, yet we find it decided in *McFerrin v. Woods, 59 Tenn., 3 Jere Baxter, 242,* that neither before nor after the dissolution of a firm can one member of a firm maintain such a suit, when the money was borrowed by the firm.   Mathews was only a partner in the firm of J. H. Edrington & Co.; and

according to this decision, all the partners, if living, or the survivors, if some are dead, must unite in the action. And again, more than three years having elapsed since such payments, before any claim to recover the excess is made, relief is barred.

Affirmed.