DODD v. AXLE-NUT SIGN COMPANY.

Opinion delivered October 30, 1916.

1. BILLS AND NOTES—FAILURE OF CONSIDERATION—EFFECT OF RE-
NEWAL.—One who gives a note in renewal of another note with the knowledge at the time of the partial failure of the consideration for the original note, is estopped from setting up the defense of failure of consideration, in an action on the renewal note.

2. CONFLICT OF LAWS—VALIDITY OF CONTRACT.—A contract, executed in another State, and valid under that law, will be enforced and adjudicated in the courts of this State, just as it would be adjudicated in the courts of the State where it was made.

3. BILLS AND NOTES—EFFECT OF EXECUTION OF A RENEWAL NOTE.—
The time when a debt, represented by a note, is created, is not when a renewal note is executed, but when the original debt was made and the original note given.

4. BILLS AND NOTES—RENEWAL NOTE.—The mere renewal of a note does not, as between the original parties, affect the essential nature of the transaction represented by it; and as between the maker and payee, any defense that would be good against the original note, would be equally good against a note taken in renewal without additional consideration.

5. BILLS AND NOTES—RENEWAL.—A renewal note is valid, if the original debt and note are valid.

Appeal from Marion Chancery Court; *T. H. Humphreys*, Chancellor; affirmed.

STATEMENT BY THE COURT.

Appellee, which is a corporation organized and doing business under the laws of the State of Kentucky, instituted this action in the chancery court against appellant to recover an amount alleged to be due on a promissory note and to foreclose a mortgage on real estate situated in Marion County, Arkansas, given to secure it. Appellant defended the action on the ground of a failure of the consideration, and also on the ground

that the note sued on was given for patent right territory and was not executed in conformity with the provisions of section 513 of Kirby's Digest, and is therefore void. The material facts are as follows:

Appellee is a corporation organized and doing business in the State of Kentucky, and was the owner of a patented advertising device known as the Axle-Nut Sign. J. H. Ditto was the selling agent of the corporation for said device. On the 22d day of July, 1911, Ditto and the appellant, Dodd, met in the city of St. Louis, in the State of Missouri, and there entered into a written contract whereby the former sold to the latter a one-third interest in the advertising device above referred to, for the State of Kansas, and about one-half of the State of Missouri, for the sum of $2,000, and also agreed to lend appellant the sum of $500. It was also agreed that Ditto should organize a corporation for the purpose of selling the patented device in said territory and that the appellant should have one-third of the capital stock of the corporation to be organized. Appellant executed to Ditto his note for $2,500 and gave him a mortgage on a tract of land owned by him in Marion County, Arkansas, to secure it. Appellant was at the time a resident and citizen of the State of Arkansas, but the contract was entered into and the note and mortgage executed in the city of St. Louis. Ditto assigned and transferred the note and mortgage to appellee. Appellant was unable to pay the note when it became due and asked and obtained an extension of time on his indebtedness. He executed a new note and mortgage in place of the old one, and the old note and mortgage were surrendered to him. The new note and mortgage were executed at Dodd City, Arkansas, on January 22, 1912. The note was payable six months after date. As above stated, the present action was instituted to foreclose the mortgage and to recover judgment on the note which was due and unpaid.

The chancellor found in favor of appellee and from a decree entered in its favor appellant prosecutes this appeal.

*S. W. Woods*, for appellant.

The note being given for patent right territory, by a citizen of Arkansas, is void under section 513-514, Kirby's Digest. Neither the contract nor the account was assigned to appellee, hence it could not sue on same. Kirby's Digest, § 6000. The payee of the note was not a party to the suit. The note being void as to $2,000 of the amount, the deed of trust given to secure it is also void.

Had Ditto's contract been valid, the suit should have been brought in the law court on an action for debt. 70 Ark. 200; 97 *Id.* 19. In any event Ditto should have been made a party.

The note being void, the only action that could be maintained would be one on an oral contract. 97 Ark. 19; 106 *Id.* 102; 102 *Id.* 568.

The note in suit was only a renewal of the first note, which was void, and therefore no liability existed on the note sued on.

Appellant offers to confess judgment for $200, the amount which he received as a loan.

*Williams & Seawel*, for appellee.

1. The note in suit was not executed in payment of a patent right nor patent right territory, but was to cover purchase price of stock in corporations, together with a loan of $500, and appellant secured all the benefits from its execution. 65 Ark. 204; 89 *Id.* 239.

2. The note was not an Arkansas, but a Missouri contract, and is governed by the laws of that State. 66 Ark. 77; 47 *Id.* 54; 60 *Id.* 269; 44 *Id.* 230; Const. U. S., Fourteenth Amendment, section 1.

3. It is immaterial whether the note is valid or void. It was only an evidence of the indebtedness which did not destroy the debt. 70 Ark. 200; 97 *Id.* 19; 102 Ark. 568. The indebtedness still existed and the deed of trust was security therefor. 46 Ark. 70; 96 *Id.* 604.

4.   Transfer of the case to the law court was not asked and the chancery court had jurisdiction.   102 Ark. 326; 60 Ark. 510.

5.   Ditto was not asked to be made a party to the suit, and that issue was waived.   95 Ark. 32-38.   The contract and note were properly assigned and appellee was the proper party to bring this suit.   43 Ark. 275; 26 *Id.* 152; 31 *Id.* 140; 5 C. J. 948, section 124.

6.   Appellant is estopped to assert the invalidity of the note because he waived any defense he might have had to the original note by executing the renewal. 118 Ark. 465; 111 *Id.* 358; 62 *Id.* 362.

HART, J., (after stating the facts).   It is first insisted by counsel for appellant that there was a failure of consideration, and for that reason appellee is not entitled to recover on the note, and to have a foreclosure of the mortgage given to secure it.   He bases his contention on the fact that Ditto agreed to lend him $500, and only let him have $200, and that he also agreed to organize a corporation for the purpose of selling the patented device in the territory described in the contract and that he failed to do so.   The record shows that appellant knew that his note had been transferred to appellee, and that he sought and obtained a renewal of his note with the knowledge that there had not been a compliance with the contract in the matters that he now complains of.   Even if it be considered that these matters amounted to a total failure of consideration, appellant is not entitled to defeat a recovery on this ground.   In *Stewart* v. *Simon*, 111 Ark. 358, and *Haglin* v. *Friedman*, 118 Ark. 465, the court held that one who gives a note in renewal of another note with the knowledge at the time of the partial failure of the consideration for the original note is estopped from setting up the defense of failure of consideration, in an action on the renewal note.   Again, it is contended that the renewal note sued on is void because section 513 of Kirby's Digest was not complied with in its execution.   The section reads as follows:

"Any vendor of any patented machine, implement, substance or instrument of any kind or character whatsoever, when the said vendor of the same effects the sale of the same to any citizen of this State on a credit, and takes any character of negotiable instrument in payment of the same, the said negotiable instrument shall be executed on a printed form, and show upon its face that it was issued in consideration of a patented machine, implement, substance or instrument, as the case may be, and no person shall be considered an innocent holder of the same, though he may have given value for the same before maturity, and the maker thereof may make defense to the collection of the same in the hands of any holder of said negotiable instrument, and all such notes not showing on their face for what they were given shall be absolutely void." The note in question was not executed on a printed form, and did not show on its face that it was issued in consideration of a patented machine as required by the statute. This statute was intended for the protection of the citizens of the State, and makes void all notes given for patent rights or territory which are executed in this State, and do not comply with the statute. This court has upheld the statute as a valid exercise of the police power. *Woods* v. *Carl*, 75 Ark. 328. We do not think, however, the section has any application to the facts of the instant case. The original contract was executed at St. Louis in the State of Missouri. It was a Missouri contract. No attempt is made to show that the original note and contract was not valid under the laws of the State of Missouri. Consequently, the contract was valid under the laws of that State, and it will be enforced and adjudicated by the courts of this State precisely as it would be adjudicated in the courts of the State of Missouri. *Parsons Oil Co.* v. *Boyett*, 44 Ark. 230; *Grider* v. *Driver*, 46 Ark. 50; *Sawyer* v. *Dickson*, 66 Ark. 77. But it is contended that the execution of the renewal note brings the case within the prohibition of section 513 of Kirby's Digest. We do not agree with counsel

in this contention. The execution of the renewal note did not constitute a new indebtedness. The time when the debt was contracted was not when the renewal note was executed, but when the original debt was made and the original note given. When a note or debt is renewed by the execution of a new note therefor, it is but an extension of the time of payment of such prior note or debt. *Griffin* v. *Long*, 96 Ark. 268. The mere renewal of a note does not, as between the original parties, affect the essential nature of the transaction represented by it. For that reason the principle is well established that, as between the maker and the payee, any defense that would be good against the original note would be equally good against a note taken in renewal without additional consideration. *King* v. *Doane*, 139 U. S. 166. By analogy, the renewal note would be valid, if the original debt and note were valid. There was no new consideration for the note sued on, it was merely a renewal and extension of time for the debt evidenced by the original note. It was not the making of a new contract for the sale of patent right territory, and does not fall within the prohibition of section 513 of Kirby's Digest.

It follows that the decree must be affirmed.