The J. R. Watkins Medical Company v. Johnson.

Opinion delivered June 11, 1917.

1. Conflict of laws—interpretation of contracts—what law governs.—Matters bearing upon the interpretation, execution and validity of a contract are to be determined by the law of the place where the contract is made.

2. Conflict of laws—interpretation of contracts.—The interpretation placed upon a contract by the laws of the state where it is made will be accepted in other states for the purpose of testing the validity of the contract and of affording a remedy for its enforcement.

3. Conflict of laws—judicial notice of laws of other states.— Under Kirby's Digest, § 7823, courts of this State are required to take judicial knowledge of the laws of other states.

4. Conflict of laws—contract valid in missouri—enforcement.— A contract for the sale of medical supplies, made in Missouri, held valid in that state under authority of decisions of the Missouri Court of Appeals, and that therefore the contract would be enforced here.

Appeal from Greene Circuit Court; *W. J. Driver,* Judge; reversed.

*R. P. Taylor,* for appellant; *Tawney, Smith & Tawney* of Winona, Minn., of counsel.

1. The business was interstate and not subject to local legislation. 115 Ark. 166; 124 *Id.* 539; 156 Fed. 1; 22 Mont. 100; 53 Wis. 517.

2. Applying the decisions of Missouri to the facts, the appellant's objections to evidence extraneous to the contract should have been sustained. 168 S. W. 290; 181 *Id.* 604; 175 *Id.* 917.

3. The Missouri law, if applicable, is not enforceable in Arkansas, being a penal law. 122 Ark. 451; 70 *Id.* 493.

4. Johnson's agency was submitted upon incómpetent evidence and improper instructions. Even granting that this cause should be tried according to the rules laid down in 115 Ark. 166, it has not been so tried. The court erred in its instructions. The evidence admitted was prejudicial. 69 Ark. 653. Final judgment here should be entered for appellant. 180 S. W. 21.

*Burr, Stewart & Burr,* for appellees.

1. The contracts are identical with those in 115 Ark. 166; 124 *Id.* 539; 157 Ky. 570. The proof of agency is here more clearly established than in those three cases. The business was intrastate and not interstate.

2. The Missouri Court of Appeals decision (168 S. W. 290) is not a precedent here. The evidence is not the same; besides this court is but one of three intermediate courts of Missouri. See 175 S. W. 919; 181 *Id.* 602; 171 *Id.* 136; 180 *Id.* 21; 171 *Id.* 136.

3. The transaction was void in Missouri and will not be enforced here. 245 Mo. 168; 149 S. W. 461; 221 Mo. 14, 120 S. W. 31; 192 Mo. 404; 90 S. W. 1020; 184 S. W. 119; 191 S. W. 69.

4. There is no error in the instructions. No specific objections are urged. The contract was void. The laws of Missouri were not complied with. 9 Cyc. 466; 91 Ark. 69. The case was fairly tried on competent evidence and correct instructions.

McCulloch, C. J. Appellant is a Minnesota corporation domiciled at the city of Winona, in that State, where it is engaged in the business of manufacturing and selling medicines, extracts and certain other articles, and it entered into a contract with appellee Johnson, who was a citizen of the State of Missouri, for the sale of its manufactured articles. The contract provided that appellant was "to sell and deliver to the party of the second part (appellee Johnson) free on board cars, at Winona, Minnesota, or at its option, at any of the regular places of shipment, any and all medicines, extracts and other arti-

cles manufactured or sold, or which may hereafter be manufactured or sold by it, at the usual and customary wholesale prices, as shown by the company's wholesale printed price list, as the party of the second part may reasonably require for sale by him at the regular retail prices from time to time, * * * in the following described territory, excepting the incorporated municipalities therein located, towit: "In the State of Missouri, Scott County."

Other provisions of the written contract gave appellant the right to fix the prices of the articles to be shipped, and gave appellee the right to return unsold articles.

The contract is substantially the same as the one construed by this court in the case of *Clark* v. *The J. R. Watkins Medical Company,* 115 Ark. 166, which this court construed to be sufficiently ambiguous to let in other testimony as to its terms, and that when construed in the light of such other testimony, it is a contract, not for the sale of the articles, but for the creation of the relation of principal and agent between the parties to the contract for the sale of the articles in given territory. In the case just cited the contract was one that was made in Arkansas, and, when supplemented by other evidence which the court allowed the jury to consider, was held to be void and unenforceable because of the fact that appellant had not complied with the laws of this State in regard to filing copies of its articles of incorporation, etc., with the Secretary of State. In the present case there is, however, no question involved concerning compliance with the laws of the State of Arkansas, for the reason that the contract was not made here, and no law of this State has been violated. The validity of the contract depends upon the question of its enforceability in the State of Missouri, and if it is valid under the laws of that State, we have no right to deprive appellant of the remedies afforded by the laws of our own State for its enforcement.

The question presented is whether the law is such in Missouri that the courts of that State would or would not enforce the contract. Appellant has complied with the laws of Arkansas since the decision in the Clark case, *supra*, but has never complied with the statutes of Missouri, somewhat similar to those in force here, and, if the contract in suit be construed to be one for doing business in the State of Missouri in violation of the laws of that State, it is invalid there, and can not be enforced here. *St. Louis Union Trust Co.* v. *Chicot County Cotton-Alfalfa Farm Co.,* 127 Ark. 577, 193 S. W. 69. On the other hand, if the contract is found to be valid in the State of Missouri, and not in violation of the laws of that State, it should be enforced here.

(1-2) The rule is quite well established that "matters bearing upon the execution, the interpretation and validity of a contract, are to be determined by the law of the place where it is made." *Howcott* v. *Kilbourn,* 44 Ark. 213. It is to be noticed that the rule extends to the interpretation of the contract, as well as to other questions relating to its enforcement, and that the interpretation placed upon the contract by the courts of the State where it is made will be accepted in other States for the purpose of testing its validity and of affording remedy for its enforcement. There are many opinions of this court illustrating the extent to which it is carried. In *Parsons Oil Co.* v *Boyett,* 44 Ark. 230, Mr. Justice SMITH, speaking for the court, said: "Now, the laws of this State have nothing to do with the validity, nature, obligation and interpretation of this contract. It was a Missouri contract; for it was there that the plaintiff received the order; it was there they consented to fill it, and it was there the goods were actually delivered to the carrier of the defendant's own selection. Consequently, if the contract was valid by the law of Missouri, * * * it was valid everywhere, and would be enforced in any jurisdiction to which the plaintiff was compelled to resort for a remedy for its violation."

The same learned judge, speaking for this court in *Matthews* v. *Paine,* 47 Ark. 54, with reference to the enforcement of a contract made in another State, said: "And exercising that comity which exists between courts of the different States, we adjudicate the rights of the parties precisely as we understand they would be adjudicated if they were in a court of Tennessee."

The last decision of this court on the subject was in the recent case of *Dodd* v. *Axle-Nut Sign Co.,* 126 Ark. 14, 189 S. W. 663, where we reannounced the rule as to the enforcement of contracts made in other States.

(3) In reaching a conclusion, we proceed then to inquire what interpretation is placed upon this contract under the laws of the State of Missouri, and whether or not the contract was valid there. We are required by the statutes of this State to take judicial knowledge of the laws of other States. Kirby's Digest, § 7823. Being required to take notice of those laws, it is our duty to pursue inquiries sufficient to make that knowledge real as far as possible.

(4) We see from the examination of the official reports that one of the Courts of Appeal in the State of Missouri has construed a contract between appellant and one of its customers, identical with the contract now under consideration, and has decided that the contract is one for the sale of articles, and not for the creation of the relation of principal and agent. The *J. R. Watkins Medical Co.* v. *Holloway,* 182 Mo. App. 140, 168 S. W. 290; *The J. R. Watkins Medical Co.* v. *Holloway,* 181 S. W. 602. That court decided that the contract was definite and unambiguous, and that neither parol testimony nor contemporaneous or antecedent writings were admissible to explain or vary it. If those decisions be accepted as establishing the law of the State of Missouri with respect to validity of the contract then it must be said that the contract is valid and enforceable under the laws of that State. But it is argued that the decision of the Court of Appeals did not settle the law of that State. Let us

see as to that.   There are three Courts of Appeal in the State of Missouri exercising appellate jurisdiction, exclusive of the Supreme Court, in all cases where the amount in dispute does not exceed the sum of $7,500. Appeals are allowed from decisions of those courts to the Supreme Court where the amount in controversy exceeds the sum of $2,500, and in cases involving construction of the Constitution and laws of the United States, or Constitution of the State of Missouri, or the validity of a treaty of the United States, and in cases involving the construction of the revenue laws of the State,   . the title to an office, or the title to real estate, or where a county or other subdivision of the State is a party.   There is also provision for certifying a decision of one of the Courts of Appeal to the Supreme Court where one of the judges is of opinion that the decision is in conflict with decisions of the Supreme Court, or of some other of the Courts of Appeal.   Provision is made for filing written opinions as parts of the record, and for the official publication and distribution of the opinions of those courts. The statute provides for a reporter, who supervises the printing of the reports, and the reports are filed with the Secretary of State, and by that officer distributed among the offices of the State and owners of law libraries in other States.   In other words, the statutes provide for the official promulgation of the written opinions of the several Courts of Appeal as precedents in establishing the laws of the State.

Those decisions must necessarily be treated as establishing the law, except where they are in conflict with the decisions of the Supreme Court of the State.   The decisions of the Court of Appeals are cited by the Supreme Court of the State as precedents.   The Supreme Court of Missouri has never construed this particular contract, but it has cited with approval one of the decisions of the Court of Appeals, hereinbefore cited, in stating the rule to be applied to the interpretation of contracts as

announced by the latter court. *Kansas City* v. *McDonald*, 175 S. W. 917.

We are unable, therefore, to discover any reason why we should not accept the decisions of the Missouri Court of Appeals in settling the validity of the contract, and since we find it to be such contract as would be enforced under the laws of Missouri, where the question of its validity is controlled, it becomes our duty to see that it is enforced here. It would be a violation of that spirit of comity of which we have spoken, for us to fail to give full faith and credit to a contract made in a sister State which is valid and enforceable there. It follows that the circuit court erred in delegating to the jury the authority to interpret the contract for the purpose of determining its validity under the laws of the State of Missouri. There is no dispute in the testimony as to the amount due to appellant under the contract, so the judgment of the circuit court will be reversed and judgment will be entered here in appellant's favor against appellees for the amount sued for, with interest from institution of the action.