OFFENHAUSER & COMPANY *v.* CUPP.

Opinion delivered April 8, 1929.

*Feazel & Steel,* for appellant.

*J. G. Sain,* for appellee.

KIRBY, J. The sole question for determination on

this appeal is whether the contractor's bond for the construction of a warehouse in the State of Texas is liable to the payment of the premium for employers' liability insurance, required by the building contract to be carried for the owner by the contractor.

The contract for the construction of the building was made in Texas, where it was to be performed, and expressly required the contractor to carry insurance during the progress of the work against loss or damage by fire, tornado, wind, etc., "and employers' and public liability insurance," * * * "the policies to be made payable to the owner and deposited with him," etc. It also provided it should not become effective until the contractor should execute and deliver to the owner a sufficient bond, acceptable to him, in the sum of $33,000.

The bond was executed with the Union Indemnity Company, appellee, as surety, binding the contractor "to perform and fulfill all and each of the covenants, conditions and agreements as written and required in said contract, plans and specifications," and provides "this bond is made for the use and benefit of all persons, partnerships, firms or corporations who may establish a lien against said warehouse for any material furnished or labor performed, for or on account of said contractor or any of his subcontractors, under the laws of the State of Texas now in force or hereafter enacted, and they and each of them are hereby made obligees hereunder the same as though their own proper names were written herein as such, and they and each of them may sue hereon."

The appellant company brought this suit against the contractor and his surety for the premium conceded to be unpaid for the liability insurance policies issued, and recovered judgment against the contractor, who admitted liability, and, failing to recover against the surety under its denial of liability, brings this appeal from an adverse judgment.

The building contract was made and to be performed in the State of Texas—was a Texas contract—and the

bond expressly states it "is made for the use and benefit of all persons * * * who may establish a lien against said warehouse for any material furnished or labor performed, for or on account of said contractor, or any of his subcontractors, under the laws of the State of Texas now in force or hereafter enacted," * * * and each of them are made obligees and given the right to sue thereon. *J. R. Watkins Med. Co.* v. *Johnson,* 129 Ark. 384, 196 S. W. 465; *Wilson* v. *Todhunter,* 137 Ark. 207, 207 S. W. 221; *Parsel* v. *Barnes,* 25 Ark. 26; *Roberts* v. *Brown,* 40 Ark. 423.

The nature, validity and interpretation of the contract and bond must therefore be governed by the laws of Texas, and the rights of the parties adjudicated by our courts as we understand they would be adjudicated by the courts of that State. *Matthews* v. *Paine,* 47 Ark. 54, 14 S. W. 463; *Dodd* v. *Axle-Nut Sign Co.,* 126 Ark. 14, 189 S. W. 663; *J. R. Watkins Medical Co.* v. *Johnson, supra; Bonner* v. *Stroud Brothers Gin Co.,* 172 Ark. 569, 289 S. W. 766.

In *Hess* v. *Denman Lumber Co.* (Tex. Civ. App. 218, S. W. 162), the statute (Acts 1915, p. 223, Vernon's Ann. Civ. St. Supp. 1918, art. 5623A) requiring the owner to take from the builder or contractor a bond conditioned as required therein for his own protection against liens and the payment of all subcontractors, mechanics, workmen and furnishers of material, was held void as an interference with the law of the liberty of contract. It can make no difference therefore that the bond was not conditioned in the terms of the invalid statute, and the sureties thereon could only be held liable to the payment of the claims covered by or included within its terms as written. The bond expressly provides it "is made for the use and benefit of all persons * * * who may establish a lien against said warehouse for any material furnished or labor performed for or on account of said contractor or any of his subcontractors, under the laws of the State of Texas," all such being made obligees

with the right to sue thereon. The owner, to whom the bond was made, is not sued for the unpaid premium due on the policies procured for his benefit issued and delivered to him, and no contention is made that a lien therefor was attempted to be established against the warehouse constructed. Our attention has not been called by counsel to, nor has our investigation discovered, any statute or decision of the courts of that State, of which we take judicial notice, giving a lien upon the building constructed to secure the payment of the premium for the kind of insurance furnished herein, no lien therefor has been established against the warehouse, and the surety, being bound under the express terms of the bond to answer to all persons who may establish a lien against said warehouse for any material furnished or labor performed, could not be held to the payment thereunder of their non-lienable claim, as the court correctly held.

The judgment is affirmed.