227 S.W.2d 66 (1950)
TROY GRAIN & FUEL CO.
v.
ROLSTON et al.
No. 21280.
Kansas City Court of Appeals. Missouri.
February 6, 1950.
*67 Robert Frost, Plattsburg, Wherritt & Sevier, Liberty, for appellant.
A. O. Delaney, Jr., Troy, Kan., Arthur R. Kincaid, Liberty, Francis G. Hale, Liberty, Robert E. Coleberd, Liberty, for respondent.
SPERRY, Commissioner.
Troy Grain & Fuel Company, a corporation, sued Miller Howard and Jackson Rolston, as partners, for the unpaid balance due for corn and oats sold and delivered. Judgment was for plaintiff and Howard alone appeals. He challenges the sufficiency of the evidence to prove the existence of a partnership, and contends that certain instructions are erroneous.
Mr. McGolliard, plaintiff's manager and owner, testified to the effect that he had known Howard for a number of years prior to meeting Rolston, having sold him corn and other grain; that in the fall of 1945 or 1946 he first met Rolston; that both Howard and Rolston came to his elevator, each driving a truck bearing Howard's name; that: "He said he wanted his truck loaded and, `I have got Mr. Rolston here, he is going to haul for me, and I want him to load his truck here too'"; "He said he was driving his truck and hauling corn for him"; that thereafter Rolston bought several loads of grain from plaintiff, hauling it in Howard's truck and paying for it with his own check; that on February 26 and 27 he purchased two loads of grain, of the total value of $1372.09, giving two checks in payment thereof; that the sales tickets therefor were made out to Rolston, Howard's name not appearing thereon; that the bank upon which the checks were drawn refused payment; that he looked to Rolston for payment; that he went to see Howard about payment because the grain was delivered to his truck; that Howard said: "Go to Rolston, he has got all the money"; that after Howard established Rolston's credit witness expected him to "foot the bill"; that pursuant to Howard's suggestion he went to Rolston, who paid him $40 on the account and agreed to make other payments thereon but failed to do so.
Rolston, testifying for plaintiff, stated that Howard owned two trucks, and that, in the fall of 1945, they verbally agreed that Rolston should operate the trucks, buying, hauling and selling grain; that "It was on a 50-50 plan. I was to put the labor against his trucks, and any profits was to be divided after the expenses was paid, regardless of what the expense was"; that he was not to pay rent, it was to be 50-50; that Rolston was to keep the books, and the bank account was to be in his name; he wrote all checks; that out of the proceeds he was to pay all expense on the trucks, gas, oil and repairs, and they were to divide the profits equally; that Howard furnished the money for the first load of grain, and that witness obtained cash (from Howard) several times; that he obtained grain through Howard and it was charged to the account of the truck; that he sold and collected for grain handled, deposited the proceeds in the bank account and, after paying all expenses, divided profits with Howard; that he devoted his time exclusively, to this operation; that he frequently obtained grain from plaintiff after an occasion when he and Howard were then together and Howard told Mr. McGolliard that witness was running this truck and I was going to haul corn out of there and to let him have it"; that they were there together on several occasions thereafter and both loaded grain; that he delivered Howard several hundred dollars worth of corn for which Howard did not, in fact, pay; that they operated under this arrangement until a few days after the transactions here involved took place, when a truck was wrecked and Rolston was seriously injured; that the balance owed *68 to plaintiff, on account of grain purchased, is $1332.09. The name of Howard and Rolston did not appear on any trucks or papers, nor was any partnership income tax filed by either of them.
Howard stated that he and Rolston verbally agreed that Rolston should furnish the labor and use his trucks in hauling grain; that Rolston should keep books on the transactions, pay all expense of operation, and give Howard half of the profits as rent on the trucks; that Rolston kept books and delivered same to him, which he then had in court (but they were not offered in evidence); that Rolston kept the bank account in his own name and wrote all checks thereon; that they operated under this arrangement until shortly after these transactions occurred. He denied the existence of a partnership or that he was to bear any losses occurring in the operation.
The evidence made a submissible case on the question of partnership between Howard and Rolston. Partnership is a relation arising out of contract expressed or implied whereby two or more parties agree to engage in a common enterprise, each contributing capital or services and each sharing in the profits and losses. 47 C.J. 648 et seq. In the absence of proof of an express contract a partnership may be proved by evidence of the entire transaction, and construed from that, in the light of surrounding circumstances. Willoughby v. Hildreth, 182 Mo.App. 80, 91, 167 S.W. 639. The testimony of both Howard and Rolston was to the effect that they agreed that Howard should furnish his trucks, Rolston furnish the labor, and that Rolston should buy, transport, and sell grain, the profits thereof to be equally divided after payment of expenses. Sharing the profits of a business venture, where one furnishes capital and the other labor, constitutes prima facie evidence of the existence of a partnership. Willoughby v. Hildreth, supra, 182 Mo.App. loc.cit. 91, 167 S.W. 639. While an agreement to share profits in such a venture is not conclusive proof of the existence of a partnership, it is prima facie proof thereof and raises a presumption of partnership. If such presumption is not overcome by other evidence tending to prove that, in fact, the parties intended there to be no partnership, such prima facie proof of the existence of a partnership becomes conclusive. Torbert v. Jeffrey, 161 Mo. 645, 655, 61 S.W. 823; Lengle v. Smith, 48 Mo. 276, 277; Whitehill v. Shickle, 43 Mo. 537, 544. It is true that there was no direct proof that the partners were to share the losses accruing in the venture, nevertheless their agreement to share profits implies a sharing of loss; and that presumption can only be overcome by evidence tending to prove the contrary. Whitehill v. Shickle, supra, 43 Mo. 544. While a partnership relationship necessarily rests on contract, as between the parties themselves, the contracting parties are not required to know and fully understand all of the legal incidents flowing therefrom. Schneider v. Schneider, 347 Mo. 102, 146 S.W.2d 584, 588; Temm v. Temm, 354 Mo. 814, 191 S.W.2d 629, 632. Parties "entering into agreements and transactions which, by the law of the land, constitute them partners, whatever they may please to say or think about it, or by whatever name they may choose to call it," will be held to be partners. Meyers v. Field, 37 Mo. 434, 439. We hold that there was substantial evidence tending to prove that Howard and Rolston were partners; and the determination of that question was for the jury.
From what we have said it follows that defendant's point that it was error to give instruction No. 1 for plaintiff is not well taken. The instruction properly defined a partnership and required the jury to find that a partnership existed before finding a verdict for plaintiff.
Complaint is made concerning the giving of plaintiff's instruction No. 3, which is, in words, as follows: "The Court instructs the jury, that in determining whether defendants, Miller Howard and Jackson Rolston, were partners in the conduct of the business of buying and selling grain, at the time of plaintiff's sale of grain mentioned in evidence you may take into consideration, not only the agreement, if any, made between them, but also acts and conduct in managing and conducting the business in which they were engaged."
*69 It is contended that said instruction is not within the pleadings or the evidence because, it is said, it is based on the theory of a "holding out" to third parties that Howard and Rolston were partners. The language used is not subject to the criticism. The jury was thereby instructed to the effect that an alleged partnership may be proved not only by evidence of the specific agreement made between the parties but, in addition, by proof of the conduct of the parties, which latter might tend to throw light on their own understanding of the terms of the agreement made. There was evidence upon which to predicate such an instruction, and it was proper for the jury to consider evidence concerning the manner in which the business was conducted. Pasche v. South St. Joseph Town-Site Company, Mo.App., 190 S.W. 30, loc. cit. 31.
The judgment should be affirmed.
BOUR, C., concurs.
PER CURIAM.
The foregoing opinion of SPERRY, C., is adopted as the opinion of the court. The judgment is affirmed. All concur.