JONES *v*. ADCOCK.

5-2342                                   343 S. W. 2d 779

Opinion delivered March 13, 1961.

*O. E. Gates,* for appellant.

*James Ross,* for appellee.

GEORGE ROSE SMITH, J. The appellees have filed a motion to dismiss this appeal, asserting that the appellant is at fault in having failed to bring up a complete record

of the proceedings below. We have concluded that the motion must be granted.

The suit was brought by the appellant, who sought compensation for flood damage allegedly caused by the appellees' having obstructed the flow of a natural stream. There was a jury verdict for the defendants, and judgment was entered on September 2, 1960. On September 29 the appellant filed his notice of appeal and his designation of the record, the entire record being designated for inclusion in the transcript. It is shown by the record that copies of the notice of appeal and of the designation were duly mailed to opposing counsel. Ark. Stats. 1947, §§ 27-2106.2 and 27-2127.2.

On November 8 the appellant filed a new designation of the record. This designation omitted all the testimony going to the merits of the case and called for a partial record consisting only of the pleadings and the voir dire examination of the jury. In attempting to designate a partial record the appellant failed to file a statement of the points to be relied upon, as the statute requires. Ark. Stats., § 27-2127.5. The record does not indicate that a copy of the new designation was served upon counsel for the appellees. To the contrary, the verified motion to dismiss asserts that no service was had.

We may assume, without deciding, that the filing of an amended or substituted designation is permissible. Even so, if the new designation calls for a partial record it is the appellant's duty to comply with the statute by serving a copy of the designation upon opposing counsel and by filing a statement of the points to be relied upon. It is essential that the appellee be given an opportunity to require that there be included in the record any matter not designated by the appellant. See *Ark. Farmers Assn.* v. *Towns,* 232 Ark. 997, 342 S. W. 2d 83.

We are unable to say that the appellees have not been prejudiced by the appellant's failure to comply with the statute. The abbreviated record indicates that the appellant thinks the trial court erred in not letting the appellant's attorney ask the jurors about their possible

connection with insurance companies. The question was disallowed upon the appellees' assertion that if they should be found to be liable they would have no effective recourse against any insurance company. It is evidently possible that the appellees might be benefited, in arguing this issue, by having a record of the testimony taken upon the merits. It might be shown, for example, that the appellees really had no insurance or, again, that the appellant failed to make a *prima facie* case, so that the make-up of the jury would be immaterial. The appellees have been effectively deprived of any opportunity to bring up additional matter favorable to them, since it is now too late for the record to be supplemented. *West* v. *Smith*, 224 Ark. 651, 278 S. W. 2d 126. Their motion is therefore well taken.

Appeal dismissed.