MONROE DAVIS ET. AL *v.* RALSTON PURINA CO. ET AL

5-5180                                      449 S. W. 2d 709

Opinion delivered February 9, 1970

*Williams & Gardner,* for appellants.

*Laws & Schulze,* for appellees.

GEORGE ROSE SMITH, Justice. The appellees have filed a motion to dismiss this appeal, on the ground that the appellants have failed to bring up all the testimony designated by the appellees for inclusion in the record. In response to that motion the appellants assert that the appellees' supplemental designation of the record was filed too late and that in any event an appellant's failure to file the complete record is not in itself a basis for a dismissal of his appeal. We are disposing of the motion by means of an opinion, for some of the procedural points need clarification.

The chronological sequence of the procedural steps must be stated as a background to the present controversy:

April 21: Judgment entered below upon the jury's verdict.

May 5: Appellants file what is in substance a motion for a new trial.

May 16: Appellants file notice of appeal from the judgment and designate the entire record as the record on appeal. Service had on opposing counsel.

June 26: Order filed denying the appellants' motion for a new trial.

July 7: Appellants file, and serve upon opposing counsel by mail, a notice of appeal from the preceding order and a designation of only part of the testimony. No statement of points to be relied upon on appeal was filed by the appellants at any time.

July 18: Appellees file, and serve upon opposing counsel by mail, a designation of all the record not already designated by the appellants.

August 17: Trial court signs an order granting to the appellants an additional 45 days for filing their transcript with the clerk of the Supreme Court.

August 29: Court reporter certifies a transcription of the testimony designated by the appellants.

October 3: Circuit clerk certifies the partial record as designated by the appellants.

October 27: Foregoing partial record filed by the appellants with the clerk of the Supreme Court.

We consider first the appellants' contention that the appellees' supplemental designation of the record was filed too late, because it was filed and served on the eleventh day after counsel for the appellants had filed and served their partial designation. Upon this point the appellants rely upon § 8 of Act 555 of 1953, which

provides that a supplemental designation of the record is to be filed within ten days after the service and filing of the appellant's partial designation. Ark. Stat. Ann. § 27-2127.2 (Repl. 1962).

We cannot sustain the appellants' argument, for two reasons. First, the filing of a notice of appeal is jurisdictional, but irregularities in the other procedural steps under Act 555 are merely grounds for such action as this court deems appropriate. Section 27-2106.1. The one-day delay in this instance was obviously not prejudicial to the appellants, since the court reporter did not complete his transcription of the testimony until some ten days later.

Secondly, it is actually to the appellants' advantage that the complete record be filed. The appellants committed what may have been a serious error in failing to file with their designation of the record a statement of the points to be relied upon on appeal, as required by § 27-2127.5, because that omission is a basis for a dismissal of the appeal unless we are able to say that the appellees have not been prejudiced. *Jones* v. *Adcock*, 233 Ark. 247, 343 S. W. 2d 779 (1961). But the appellant's failure to file his statement of points becomes harmless error if the appellee nevertheless designates the entire record for inclusion in the transcript. *Linxwiler* v. *El Dorado Sports Center*, 233 Ark. 191, 343 S. W. 2d 411 (1961). Hence, in order to reach the merits of the appeal, we disallow the technical point being urged by the appellants.

There remains the appellees' original motion that the appeal be dismissed, because the appellants failed to bring up all the testimony included within the appellees' supplemental designation of the record. That omission alone is not a ground for dismissing an appeal. It frequently happens that a pleading, a deposition, an exhibit, or some other document is not included in the original record. Such omissions are routinely corrected either by stipulation of the parties or by action taken in the trial court or in this court under § 15 of Act *555, Ark. Stat. Ann.* § 27-2129.1. It would be manifestly

unjust for the appeal to be dismissed for such an omission, without giving the appellant an opportunity to supply the deficiency.

The appellees cite *Ark. Farmers Assn. v. Towns,* 232 Ark. 997, 342 S. W. 2d 83 (1961), but that case is readily distinguishable. There the appellant insisted that the appellee had unnecessarily designated the entire record and carried that insistence to the point of refusing to supply the complete record. In that situation we were compelled to dismiss the appeal, for the reasons stated in the opinion. By contrast, here the appellees have not yet requested that the omission be corrected; so the appellants are not in default.

The appellants, in their response to the motion to dismiss the appeal, suggest that the motion be treated as one to require the filing of the missing testimony, which the appellants offer to supply. It occurs to us, however, that perhaps the appellees no longer consider the entire record to be essential, because (a) they now have the appellants' printed abstract and brief, which may have narrowed the issues on appeal, and (b) the appellants may no longer be in a position to appeal from the original judgment, under our holding in *West v. Smith,* 224 Ark. 651, 278 S. W. 2d 126 (1955). Hence we merely deny the motion to dismiss the appeal, with leave to the appellees to proceed further if they consider other parts of the record to be essential to this court's disposition of the case on its merits.

Motion denied.