Hiram Eugene MEYER *v.* STATE of Arkansas

CR 80-225                                    614 S.W. 2d 665

Supreme Court of Arkansas
Opinion delivered May 4, 1981

*E. Alvin Schay*, State Appellate Defender, by: *Deborah R. Sallings*, Deputy Defender, for appellant.

*Steve Clark*, Atty. Gen., by: *Theodore Holder*, Asst. Atty. Gen., for appellee.

GEORGE ROSE SMITH, Justice. In 1980 two separate criminal proceedings were pending against the appellant Meyer in the Sebastian circuit court. The first was a petition to revoke a term of probation which had been based upon Meyer's plea of nolo contendere to separate charges of burglary and larceny filed in 1975. In 1980 the court revoked that probation and sentenced Meyer to serve concurrent 18-year sentences upon the two charges. Meyer appeals from that order. The second proceeding was a prosecution for aggravated robbery committed in December, 1979, with the information also alleging habitual criminalism. That case was tried in 1980 and resulted in a verdict of guilty and a sentence of 40 years. Meyer also appeals from that judgment. The records in the two proceedings were prepared and

certified together and filed as a single appeal in this court under Rule 29 (1) (b). The two cases are really separate, however, and must be so discussed.

First, the revocation of probation. The court's original judgment, dated June 11, 1975, did not specifically accept Meyer's plea of nolo contendere, but it did place him on "statutory probation" for five years. Meyer argues, and the State concedes, that if the court actually accepted the plea it could not thereafter sentence Meyer to more than five years' confinement (the period of probation). *Queen* v. *State*, 271 Ark. 929, 612 S.W. 2d 95 (1981). We need not decide whether the plea was accepted in 1975, because it was certainly accepted in a revocation proceeding in 1977, when the court revoked the original probation and sentenced Meyer to confinement for five years with three years suspended. Hence under our holding in *Queen* the court, upon revoking the probation in 1980, could sentence Meyer to additional confinement only for the remaining three years of the probationary period. The judgment in the first case must be modified to reduce the sentences to three years.

In a second point for reversal in the first case, Meyer points out that at the close of the revocation hearing on February 28 the judge announced that he found by a preponderance of the evidence that Meyer had been guilty of aggravated robbery (as asserted in the prosecutor's petition for revocation) and that he was sentencing Meyer to the maximum remaining time for the original burglary and larceny offenses, which was 18 years out of the original 20. The formal judgment, however, as entered on August 4, recited that the probation was being revoked not only for the aggravated robbery but also for fleeing arrest, possession of narcotics, and other lesser offenses as to which the State had withdrawn its proffer of testimony. Meyer argues that since the trial judge considered alleged offenses that were not actually proved, the cause should be remanded for resentencing.

There are at least three reasons why this argument must fail. First, there was no such objection in the trial court. *Wicks* v. *State*, 270 Ark. 781, 606 S.W. 2d 366 (1980). Second,

Meyer designated an abbreviated record in the revocation case and did not include this point in the statement of points to be relied upon. Appellate Procedure Rule 3 (g); see *Jones* v. *Adcock*, 233 Ark. 247, 343 S.W. 2d 779 (1961). Third, the circuit judge stated positively at the close of the hearing that he was imposing the maximum sentence of 18 years because Meyer had committed aggravated robbery with a gun. It would be idle to send the case back to see whether the same judge would consider a three-year sentence for that same offense to be excessive.

In the second phase of the case, the appeal from the conviction for aggravated robbery, Meyer argues only that two pairs of prior burglary-larceny convictions should be treated as a single conviction, because the judgments were entered on the same day. It is contended that the legislature intended that an offender be punished more severely for a second offense only because he was not deterred by his punishment for the first offense. Hence, it is argued, two convictions with no intervening punishment should be counted as one. That identical argument, however, was rejected under the law as it existed before the Criminal Code and has again been rejected under the Code. *Cox* v. *State*, 255 Ark. 204, 499 S.W. 2d 630 (1973);*Blackmon* v. *State*, 272 Ark. 157, 612 S.W. 2d 319 (1981).

Affirmed as modified.

HOLT, J., not participating.