James Edward BRADY, Jr. and Billy Joe
COGGINS *v.* ALKEN, INC.

81-40                                                617 S.W. 2d 358

Supreme Court of Arkansas
Opinion delivered June 15, 1981

148

*Thomas G. Montgomery*, for appellants.

*Butler, Hicky & Hicky,* by: *Steve Routon*, for appellee.

JOHN I. PURTLE, Justice. The jury returned a verdict for $3,000 in favor of appellee and the court awarded an additional $2,000 for attorney's fees. Appellants appealed from the award of attorney's fee, but the appeal was dismissed by the trial court for failure to comply with Rules of Appellate Procedure. On appeal, the appellants contend that the trial court erred in dismissing the appeal and in granting the attorney's fee. We agree with both arguments.

The appellee filed a suit against the appellants, pursuant to a lease contract between the parties, alleging the appellants owed $13,500 in rent and a reasonable attorney's fee. By agreement of the parties the matter of the attorney's fee was reserved to the court and the matter of the rent was submitted to the jury. March 19, 1980, the jury returned a verdict in favor of appellee in the amount of $3,000 for rent. The court added $2,000 as attorney's fee, and the judgment was entered on April 16, 1980. Notice of appeal from the portion of the judgment granting attorney's fee was given by the appellants on May 9, 1980, and it stated that the transcript of the trial court "will be requested." The appellants' attorney mailed a copy of the notice of appeal to the appellee's attorney and called attention to the fact that they would try to settle the record later. At the same time notice of appeal from the attorney's fee portion of the judgment was given, the appellants paid the $3,000 judgment awarded by the jury.

On July 17, 1980, the appellants' attorney proposed to appellee's attorney a supplemental record for appeal purposes. When no response was given, the appellants made a complete designation of the record on July 18, 1980. At the same time they filed a motion to supplement the record. On August 1, 1980, appellee moved to dismiss the appeal because of failure to designate the record in the notice of appeal. On August 4, 1980, appellants moved for an extension of time in which to lodge the record in the appellate court. The extension of time, until October 15, 1980, was granted the next day. The appellants responded to the motion to dismiss on August 18, 1980. An amendment to

the notice of appeal and designation of record was filed on September 3, 1980. On the same date the trial court, without notice or hearing, signed an order dismissing the appeal. On September 8, 1980, the second notice of appeal was filed. This notice included an appeal from the order dismissing the first appeal.

We first consider the contention that the trial court erred in dismissing the appeal. There is no question that the trial court still had jurisdiction of the case when the order of dismissal was entered because the record had not yet been lodged in the appellate court. *Estes* v. *Masner*, 244 Ark. 797, 427 S.W. 2d 161 (1968).

Arkansas Rules of Appellate Procedure, Rule 3 (e), states:

> Content of Notice of Appeal or Cross-Appeal. A notice of appeal or cross-appeal shall specify the party or parties taking the appeal; shall designate the judgment, decree, order or part thereof appealed from and shall designate the contents of the record on appeal. The notice shall also contain a statement that the transcript, or specific portions thereof, have been ordered by the appellant.

The Reporter's Notes (as revised by the Court) to Rule 3 state that significant changes to prior Arkansas procedures are found in Sections (e) and (f):

> In Section (e), it provided that the notice of appeal shall contain a designation of the record, . . . and shall contain a statement that the transcript has been ordered. The latter statement is intended to expedite appeals.

As it was the intention of the legislature and the Supreme Court that the Rules of Appellate Procedure would prevail in the event of a conflict with a statute not specifically superseded, we hold that Ark. Stat. Ann. § 27-2106.2 (Repl. 1979) has been superseded by Rule 3 (e) insofar as the Rule requires designation of the record and a statement that

the transcript has been ordered to be included in the notice of appeal. See Act 38 of 1973, Per Curiam Order of December 18, 1978, and the Supersession Rule which is found following Rule 10 of the Inferior Court Rules.

We must now decide whether the designation of the record and the statement that the transcript has been ordered must be included in the notice of appeal, or whether, under the circumstances of this case, substantial compliance is sufficient.

Under prior case law, the question of whether an appeal should be dismissed for want of strict compliance with the statutes and rules turned on whether the appellee was prejudiced by the irregularity. *Davis* v. *Ralston Purina Co.*, 248 Ark. 14, 449 S.W. 2d 709 (1970); *Pine Bluff National Bank* v.*Parker*, 253 Ark. 966, 490 S.W. 2d 457 (1973);*Harbor* v. *Campbell*, 235 Ark. 492, 360 S.W. 2d 758 (1962). Since the purpose of the Rules of Appellate Procedure was basically to revise and condense prior statutory law, and the Rules were adopted for the purpose of expediting appeals, it appears that prior cases would be persuasive in this matter. In *Davis* v. *Ralston Purina Co.* we stated:

> . . . The filing of a notice of appeal is jurisdictional, but irregularities in the other procedural steps . . . are merely grounds for such action as this court deems appropriate.

In the present case we do not find that the irregularity in any manner prejudiced or misled the appellee.

Here, the appellants stated at the time they filed notice of appeal that the transcript "will be requested." It is obvious the appellants probably anticipated no part of the transcript would be needed for the appeal at this time, the reason being that they were appealing only from that portion of the judgment which the trial court had added after the trial of the case. Subsequent attempts to obtain an agreed record, as provided by Rule 6, were unsuccessful, and the appellants designated the entire record as a record on appeal prior to the time the motion was made to dismiss the

appeal. We think the action of the appellants was in good faith and substantially complied with the Rules of Appellate Procedure. The deficiency was known by the appellee from the first day the notice of appeal was given. It was also brought to the attention of the court and was obviously known by the appellants. Our view is that if for any reason counsel are not able to state in the notice of appeal that the transcript or portions of it have been ordered, the proper practice would be for an appropriate explanation to be included in the notice of appeal. We are unwilling, however, to hold that strict compliance with the requirement that the notice of appeal contain a statement that the transcript has been ordered is jurisdictional.

The second point argued by appellants is that the attorney's fee should not have been allowed. The settled law in Arkansas is that attorney's fees are allowed only by statute. *Romer v. Leyner*, 224 Ark. 884, 227 S.W. 2d 66 (1955). In *Romer* we stated:

Attorney's fees cannot be allowed as costs in suits, except as provided by statute, the same being regarded as a provision for a penalty and not to be enforced in the State courts.

We are unable to find a statute which would authorize payment of attorney's fees under the facts of this case. Therefore, it was error to allow attorney's fees.

Reversed and dismissed.

ADKISSON, C.J., dissents.

RICHARD B. ADKISSON, Chief Justice, dissenting. I dissent from the majority's holding that a notice of appeal was filed in this case. Appellants' purported notice of appeal did not comply with the requirement of Rule 3 (e), Rules of Appellate Procedure, Ark. Stat. Ann., Vol. 3A (Repl. 1979) which provides:

(e) Content of Notice of Appeal or Cross-Appeal. A notice of appeal or cross-appeal shall specify the party

or parties taking the appeal; shall designate the judgment, decree, order or part thereof appealed from and shall designate the contents of the record on appeal. *The notice shall also contain a statement that the transcript or specific portions thereof, have been ordered by the appellant.* (Emphasis mine)

In the reporter's notes to Rule 3 it is stated that ordering the transcript from the court reporter at the time of filing the notice of appeal "is intended to expedite appeals." The effect of the majority ruling today is to abrogate the plain language of the rule and its stated purpose and intent. It is common practice to delay appellate procedure by not ordering the transcript from the court reporter until just before the time required for requesting an extention. Failure to order the transcript at the time of filing a notice of appeal as mandated by Rule 3 leaves the court reporter and the appellee in suspense as to whether or not an appeal will actually be taken.

When the order for the transcript belatedly arrives, the court reporter is then pressed to acknowledge a need for an extension of time in which to prepare the transcript and usually then has a little over three months in which to prepare the transcript as opposed to six months.

The majority have refurbished an old vehicle for delay in the administration of justice which our new Rules of Civil Procedure had closed.