HENDERSON METHODIST CHURCH, et al. *v.*
SEWER IMPROVEMENT DISTRICT NO. 142, et al.
John Abbott, et al. *v.* Sewer Improvement
District No. 142, et al.

87-92                                                     741 S.W.2d 272

Supreme Court of Arkansas
Opinion delivered December 21, 1987

*Dan J. Kroha*, for appellants.

*Wright, Lindsey & Jennings*, for appellee Sewer Improvement District No. 142, and District Commissioners.

*Kaplan, Brewer & Miller*, by: *Phillip E. Kaplan*, for appellee Assessor.

*Mark Stodola*, City Att'y, by: *Thomas M. Carpenter*, for appellee.

*House, Wallace & Jewell*, by: *Don F. Hamilton*, for appellee Little Rock Wastewater Utility.

ROBERT C. COMPTON, Special Justice. The Appellants assert that the Trial Court abused its discretion by refusing to grant their motion for an extension of time to file the record on appeal.

On August 1, 1986, the chancellor caused to be filed with the Clerk his "Memorandum and Judgment" granting Appellees' summary motions and dismissing the complaints with prejudice.

On August 29, Appellants filed a Notice of Appeal. On November 24, the Appellants filed a Motion For an Extension of Time to File the Record on Appeal. On November 25, the Motion was argued. The Appellants had ordered the record, but, due to a backlog, the reporter had not commenced preparation of this record. The Chancellor denied the motion for an extension of time solely upon the basis that Appellants' counsel had failed to serve a copy of the Notice of Appeal on opposing counsel.

■ This ruling by the Chancellor was both erroneous and an abuse of discretion.

■ It is erroneous under the provisions of A.R.A.P. Rule 3(b) and (f) which state:

(b)  An appeal shall be taken by filing a notice of appeal with the clerk of the court which entered the judgment, decree or order from which the appeal is taken. *Failure of the appellant or cross appellant to take any further steps to secure review of the judgment or decree appealed from shall not affect the validity of the appeal or cross appeal,* but shall be ground only for such action as the appellate court deems appropriate, which may include dismissal of the appeal or cross appeal. (our italics)

(f)  A copy of the notice of appeal or cross-appeal shall be served by counsel for appellant or cross-appellant upon counsel for all other parties by any form of mail which requires a signed receipt. If a party is not represented by counsel, notice shall be mailed to such party at his last known address. *Failure to serve notice shall not affect the validity of the appeal.* (our italics)

The wording could hardly be clearer, and we have often held that such irregularities in following the rules of appellate procedure, other than the failure to file timely notice of appeal and to lodge the record, are not fatal. *Johnson* v. *Carpenter,* 290 Ark. 255, 718 S.W.2d 434 (1986); *Brady* v. *Alken, Inc.,* 273 Ark. 147, 617 S.W.2d 358 (1981); *Davis* v. *Ralston Purina Co.,* 248 Ark. 14, 449 S.W.2d 709 (1970).

Also, the Chancellor abused the discretion granted him by A.R.A.P. Rule 5(b) inasmuch as the reporter's transcript had been ordered but not prepared and no reason was given for the denial of the motion to enlarge except the failure to serve a copy of the notice of appeal on opposing counsel.

Even so, we must affirm.

When the Chancellor denied Appellants' motion for enlargement of time, he effectively terminated the Appellants' appeal. A.R.A.P. 2(a)(2) provides that an appeal may be taken from "an order which in effect determines the action . . . ."

However, rather than taking an appeal, the Appellants elected, on November 26, to file in this Court their motion for Writ of Certiorari on the grounds that "The Court refused to

enter an order granting an extension of time for his Court Reporter to prepare the transcript for an appeal of his decision of August 1, 1986 . . . ." The motion was filed pursuant to Rule 29.1(i) of the Rules of the Supreme Court and the relief sought was for this Court to require "The Court Reporter to complete the record in this case so that Appellants may file same with this court."

On December 15, this Court entered its Order denying Appellants' Petition for Writ of Certiorari to complete the record.

On December 29, the Appellants filed a timely notice of appeal from the order denying the Appellants' motion for enlargement of time.

The issue is whether the Appellants can first seek Certiorari and, being denied that Writ, then appeal.

This was decided in *Bertig Bros.* v. *Independent Gin Co.*, 147 Ark. 581, 228 S.W. 392 (1921), where it is stated at page 584:

> Certiorari can not ordinarily be used as a substitute for appeal, but the aggrieved party has the election to test the validity of the judgment on its face, either by appeal or by certiorari; and if he adopts the latter remedy, he can not afterward resort to the former, for it is the duty of an appellate court, if it is found that a judgment is not void, to affirm it, which cuts off any further review by appeal. Remedy by certiorari is not one which may be had as of right, but it is only at the discretion of the court, and it would be the duty of the court to refuse that remedy if the aggrieved party could afterward prosecute an appeal and had that remedy in contemplation.
>
> *The question falls within the general doctrine of election of remedies, and it is the duty of the party, where he has two remedies, one of which is limited in its scope and the other is general in its scope, to adopt, in the first instance, the remedy which will give complete relief; otherwise he is bound by his election to pursue the limited remedy.* (our italics)

See also W. Bryant, *Certiorari In Arkansas* 17 Ark. L. Rev. 163

(1963).

■ Having elected to seek certiorari, the Appellants cannot now appeal.

GLAZE, J., not participating.

PURTLE, J., concurs in part and dissents in part.

JOHN I. PURTLE, Justice, concurring in part and dissenting in part. I agree with the conclusion by the majority that the ruling by the chancellor refusing to grant the appellants an extension of time "was both erroneous and an abuse of discretion." However, I dissent in the most vigorous way possible from the holding that the denial of the petition for certiorari precludes an appeal on the merits of the case. This decision does a great injustice to the appellate process and denies equal protection and due process to these appellants.

I think the majority misunderstands the decision in *Bertig Bros.* v. *Independent Gin Co.*, 147 Ark. 581, 228 S.W. 392 (1921). If the majority is correct in its interpretation of *Bertig Bros.*, we should overrule it at this time. This ancient decision should not require this court to put form over substance by denying these litigants their right to an appeal. Although *Bertig Bros.* is not quite 200 years old, it is as archaic as Lord Mansfield's Rule.

Bertig Bros. appealed a trial court decision to the Arkansas Supreme Court and obtained a reversal. Prior to the mandate being issued by this court, the parties waived the filing of the mandate in the trial court and tried the case a second time. This judgment also went against Bertig Bros. They appealed from the second judgment by certiorari questioning the judgment entered at the second trial on the grounds that the trial court was without jurisdiction to try the case because the mandate had not been received by the trial court. This court held the judgment was valid and in a supplemental opinion stated:

> It has always been the practice in this court where the record of the trial court is brought before us on certiorari which questions only the jurisdiction of that court, either to quash the judgment if it appears that the court has no jurisdiction, or to affirm it if the court had jurisdiction.

Obviously the court had the record of the trial before it when the *Bertig Bros.* opinion was rendered. The decision simply held that the judgment entered in the trial court was jurisdictionally valid because "[t]he waiver [of the filing of the mandate] itself presupposes that the Supreme Court had entered the judgment of reversal and ordered a remand of the cause for further proceedings." In the case before us we not only did not review the record (because it was not completed), we did not review even the facial validity of the judgment because there was no record of the judgment to review.

The *Bertig Bros.* opinion further stated:

> Certiorari can not ordinarily be used as a substitute for appeal, but the aggrieved party has the election to test the validity of the judgment on its face, either by appeal or by certiorari; and if he adopts the latter remedy, he cannot afterwards resort to the former, for it is the duty of an appellate court, if it is found that a judgment is not void, to affirm it, which cuts off any further review by appeal.

I agree that certiorari can not ordinarily be used as a substitute for appeal. However, I cannot agree with the proposition that the appellants, having elected to seek certiorari, cannot now appeal the judgment on its merits. I must point out that when we denied the petition for certiorari in the present case there was no record before us and therefore no judgment before us to review. Thus the statements in *Bertig Bros.* are not applicable to the present appeal. Moreover, under the rationale of the present decision, a party who petitions this court for a writ of prohibition, which petition also questions the jurisdiction of a trial court, cannot later appeal the trial court's judgment on the merits if the petition is denied.

Implicit in this court's denial of the petition for writ of certiorari was the fact that the writ is indeed discretionary and the assumption that the appellants had a remedy by appeal. The majority fail to recognize the purpose of a writ of certiorari. In *State* v. *Nelson, Berry Petroleum Co.*, 246 Ark. 210, 438 S.W.2d 33 (1969), we held that certiorari was available in the exercise of this court's superintending control over inferior courts which are proceeding illegally where there is no other adequate mode of review. Am. Jur. 2d defines certiorari as a writ issued by a

superior to an inferior court requiring the return of the record and proceedings in order that the record may be revised and corrected in matters of law. 14 Am. Jur. 2d Certiorari § 1.

The majority opinion denies the appellants their right of review on the merits by appeal. We have many times held that an aggrieved party is entitled to one fair appellate review. This decision violates the basic concepts of fundamental fairness and equal protection of the laws. Our system of justice guarantees an aggrieved party the right to appeal the decision of a trial court. The decision of this court in this case denies these litigants this fundamental right essentially because their attorney used the wrong label on their request for relief from the ruling of the trial court; in other words, he "elected" the "wrong remedy." Certiorari having already been denied, the effect of the decision today is that the appellants have no remedy at all.