## Penney HEARD *v.* REGIONS BANKS

06-1040                                                    253 S.W.3d 422

Supreme Court of Arkansas
Opinion delivered March 15, 2007

*Stephen P. Westerfield*, for appellant.

*John T. Vines*, for appellee.

PER CURIAM. This appeal arises from an order of the Garland County Circuit Court in favor of appellee, Regions Bank, denying a motion for continuance filed by appellant, Penney Heard. The circuit court's order also approved a final accounting and closed Heard's guardianship matter. However, we are unable to evaluate her arguments because the record and addendum are incom-

plete. We therefore remand to the trial court to settle the record and order that Heard supplement the addendum.

On August 13, 1998, by court order, Heard was determined to be an incapacitated person unable to care for herself or her affairs. On August 3, 1999, Regions Bank was appointed as the substitute guardian of Heard's estate. By an order dated August 4, 1999, Regions immediately took possession of funds located at Morgan Stanley, Dean Witter, and Mercantile Bank. Several orders that authorized payment to Heard were entered between 1999 and 2002. On April 22, 2002, Heard petitioned to terminate the guardianship, attaching an affidavit of Dr. Kevin Hale, Heard's treating physician, who swore that Heard was capable of making responsible decisions regarding her personal care, as well as her personal and business affairs. On May 7, 2002, the circuit court entered an order terminating guardianship and ordered Regions to pay the balance of a consumer loan made by Regions to Heard for the payment of home improvements. The court further ordered Regions to pay $1,190 in attorneys' fees and to prepare and file a final accounting.

Regions filed a final accounting on December 17, 2002. Among the items is a "loss of sale of personal trust common stock" in the amount of $14,382.31. On December 18, 2002, Heard filed a pro se response to Regions's final accounting, alleging "fiduciary misconduct" and requesting $20,342.99. On February 14, 2003, Heard filed a pro se motion for continuance, stating that she needed "a couple of months" because her attorney was called into active duty in the military.

According to the facts presented by Heard and Regions, Heard filed a complaint against Regions on May 6, 2004, in the Hot Springs District Court. Regions responded, alleging that the complaint should have been filed within the probate estate. The case was nonsuited.

On April 7, 2006, Heard filed a petition with the probate division of the Garland County Circuit Court and an amended petition filed on May 10, 2006. In her amended petition, Heard alleged that Dean Witter, the previous guardian, opened investments at its business. When Regions was appointed as guardian, Regions cashed the investments at Dean Witter, incurred a substantial withdrawal fee, and reinvested the estate funds at Regions Bank. In her petition, Heard alleged that (1) Regions's investment decision was self-serving and breached a fiduciary duty by subject-

ing the estate to fees of $1600; and (2) Regions failed to procure health insurance for Heard. Heard averred that Regions did not dissolve Heard's estate after the entry of the order on May 7, 2002, but rather held investments until June 11, 2002. Heard claimed that, on May 7, 2002, the assets of the estate were worth $26,220.10, and $16,408.84 by June 11, 2002. Regions filed a response to petition, dated April 17, 2002, arguing that Heard filed a letter of response to the final accounting but never acted upon the allegations. Further, Regions claimed that the action was nonsuited and that Heard failed to provide any proof of fiduciary misconduct, fraud, or otherwise. Regions requested that the circuit court approve the final accounting. On May 19, 2006, Heard also filed a motion for continuance. In its response, Regions argued that, pursuant to Ark. Code Ann. § 28-65-403 (Repl. 2004), the final accounting should have been approved, as Heard failed to take action within three years of the filing of the final accounting.

The circuit court entered an order on May 23, 2006, denying Heard's motion for continuance, approving Regions's final accounting, and releasing Regions from any further duty or responsibility in the matter. Heard filed a motion, pursuant to Ark. R. Civ. P. 60, seeking relief from the judgment. A response was filed on June 20, 2006. The circuit court denied Rule 60 relief and entered an order on June 22, 2006. Heard filed a notice of appeal on June 22, 2006. From the May 23, 2006 order, Heard brings her appeal.

Without regard to the merits of Heard's case, we must address deficiencies not only in the record on appeal but also in the addendum. Rule 6(e) of the Arkansas Rules of Appellate Procedure – Civil in pertinent part states:

> If anything material to either party is omitted from the record by error or accident or is misstated therein, ... the appellate court on proper suggestion, or on its own initiative, may direct that the omission or misstatement shall be corrected, and if necessary, that a supplemental record be certified and transmitted.

Pursuant to Rule 6(e), we can sua sponte direct the parties to supply any omitted material by filing a certified, supplemental record. *See also West v. West*, 362 Ark. 456, 208 S.W.3d 776 (2005) (per curiam).

In the present case, neither the record nor the addendum contain the pleadings from Heard's case in the district court, particularly Heard's complaint, Regions's answer, the district

court's order granting dismissal, or any of the other pleadings considered by the circuit court in reaching its determination. The pleadings are critical to her argument on appeal. Such omissions are routinely corrected either by stipulation of the parties or by action taken in the circuit court. *Davis v. Ralston Purina Co.*, 248 Ark. 14, 449 S.W.2d 709 (1970). It would be manifestly unjust for the appeal to be dismissed in these circumstances for such an omission without giving Heard an opportunity to correct the deficiency. Therefore, pursuant to Ark. R. App. P. – Civil 6(e), we remand the case to the circuit court to settle the record.

Further, because of Heard's omission in the record, she has failed to include "relevant pleadings" in violation of Arkansas Supreme Court Rule 4-2(a)(8), which provides that "an Addendum shall include true and legible photocopies of the order . . . from which the appeal is taken, along with any other relevant pleadings, documents, or exhibits essential to an understanding of the case and the Court's jurisdiction on appeal." Ark. Sup. Ct. R. 4-2(a)(8) (2006). We may raise issues of deficiencies sua sponte. *See* Ark. Sup. Ct. R. 4-2(b)(3).

Upon completion of the record, Heard shall have fifteen days to file a substituted addendum to conform to Ark. Sup. Ct. R. 4-2(a)(8). *See* 4-2(b)(3). Regions shall then be afforded the opportunity to revise or supplement its brief. If Heard fails to file an addendum within this time period, the circuit court's judgment may be affirmed for noncompliance with this rule. *See id.*

Remanded to settle the record; supplementation of the addendum ordered.