Penney HEARD *v.* REGIONS BANK

06-1040                                                 257 S.W.3d 543

Supreme Court of Arkansas
Opinion delivered May 24, 2007

*Stephen P. Westerfield*, for appellant.

*John T. Vines*, for appellee.

PER CURIAM. In a per curiam order dated March 15, 2007, we found certain deficiencies in Appellant's addendum and record. We remanded the case to settle the record pursuant to Ark. R. App. P.–Civil 6(e), stating it would be "manifestly unjust for the

appeal to be dismissed . . . without giving Heard an opportunity to supply the deficiency." *Heard v. Regions Bank*, 369 Ark. 274, 253 S.W.3d 422 (2007) (per curiam). Specifically, we said:

> Further, because of Heard's omission in the record, she has failed to include "relevant pleadings" in violation of Arkansas Supreme Court Rule 4-2(a)(8), which provides that "an Addendum shall include true and legible photocopies of the order . . . from which the appeal is taken, along with any other relevant pleadings, documents, or exhibits essential to an understanding of the case and the Court's jurisdiction on appeal." Ark. Sup. Ct. R. 4-2(a)(8) (2006).

*Id.* at 277, 253 S.W.3d at 424. Finally, we explained that Heard's failure to file an addendum within fifteen days of completion of the record may result in our affirming the circuit court's judgment for noncompliance.

Now Appellee Regions Bank urges us to dismiss the appeal, claiming our March 15, 2007 order required appellant to file her supplemental brief by April 28, 2007. Heard responds saying Regions misspeaks and that our order required her to file a substituted addendum within fifteen days.

Our order clearly required Heard to settle the record by including "the order from which the appeal is taken along with relevant pleadings, documents, or exhibits essential to an understanding of the case and the Court's jurisdiction on appeal." *Heard, supra.* We emphasized that pleadings from the district court needed on appeal included Heard's complaint, Regions's answer, and the district court's order granting dismissal. We further said that those items were critical to Heard's argument.

We have given Heard the opportunity to supplement the record. On April 13, 2007, the record on remand was filed. By the terms of our March 15, 2007 order, Heard's supplement to the addendum was due on April 28, 2007. From a review of the clerk's docket sheet, Heard failed to supplement the addendum within the prescribed time limits. As we suggested in our March 15, 2007, order, we therefore affirm the circuit court's judgment.

Appeal dismissed.