SAWYER v. DICKSON.

Opinion delivered December 24, 1898.

1. CONTRACT—PLACE OF PERFORMANCE.—Where the notes secured by a mortgage were dated and made payable in Missouri, though the mortgage was upon land in this state, and was acknowledged here, the contract is governed by the laws of Missouri. (Page 79.)

2. USURY—FOREIGN CONTRACT—PRESUMPTION.—There is no presumption that a loan contract entered into in another state is void for usury. (Page 79.)

Appeal from Pike Circuit Court in Chancery.

WILL P. FEAZEL, Judge.

*W. C. Rodgers*, for appellant.

It was error to cancel the deed and notes as to all the defendants, because two of them, though properly summoned, have made default. The taking of interest in advance is not usury. 2 Wm. Be. 791, 792; 2 Cow. 664, 675; 15 Johns. 162, 168; 4 Wend. 652, 653; 30 Hun, 201, 203, 204; 4 Scam. (Ill.) 21; 7 Rob. (La.) 539, 541; 110 Ill. 390, 394; 30 Ill. 490, 498; 110 Ill. 235; 132 Ill. 550; 34 Ill. 110; 7 Kas. 405; 12 Pick. 586; 60 Ark. 288. The presumption is against usury. 8 N. Y. 276; 46 Ia. 46; 7 Wall. 499. When an agent or broker makes a charge, which, added to the interest, makes an amount in excess of the legal rate, to charge the lender with usury, it must be shown that he was in some way privy to the transaction. 9 Ark. 22; 51 Ark. 534; 110 Ill. 235; 54 Ark. 566; 110 Ill. 390; 92 Ala. 135; 29 N. Y. Eq. 454; 16 N. Y. Eq. 537; 54 Ark. 573; 32 N. Y. 165; 57 Ark. 251; 51 Ia. 397; 46 Ia. 46; Tyler, Usury, 165; 21 N. Y. 219; 33 Conn. 81; 33 Barb. 350; 121 U. S. 105; 109 N. Y. 473, 477, 478; 132 Ill. 550; 79 Ga. 213. The notes, on their face, bear only legal interest; hence it lies on the attaching party to prove some corrupt device and knowledge thereof by the parties. 9 Pet. 397; 116 U. S. 98; 9 Ark. 22; 38 S. W. 1113; 97 U. S. 13; 33 Atl. 248; 57 Ark. 250, 256; 7 Pe-

ters, 103, 111; 7 Wallace, 499; 22 N. J. Eq. 612; 12 Or. 349; 8 N. J. Eq. 789; 14 *ib.* 326; 36 C. E. Greene, 481; 5 Leigh, 65, 68. Forfeitures for usury find no favor in courts of equity. 97 U. S. 13; 144 U. S. 384. Agency can not be proved by declarations of the agent. 44 Ark. 213; 36 Alt. 797. The notes are payable in Missouri, and its laws as to interest will govern. 44 Ark. 230; 47 Ark. 54; 60 Ark. 269; 33 Ark. 645; 40 S. W. 466; 69 Miss. 779; 14 Ark. 603; 35 Ark. 52; 36 Ark. 569; 10 So. 754; 61 Ark. 329, 338. No proof of the law of Missouri was offered, and the court could not take judicial notice of it. 14 Ark. 603; 10 Ark. 109; 30 Ark. 124; 50 Ark. 237. There is no presumption that the laws of a sister state are like our own in cases of usury. 46 Ark. 50, 66. It is not usury to reserve a sufficient amount to pay necessary expenses of the transaction. 2 T. R. 53; 57 Ark. 347; 145 Ill. 421. Every material fact necessary to constitute usury must be pleaded and proven. 40 N. E. 273; 33 Atl. 248; 70 N. W. 399; 33 Neb. 409; 5 Leigh, 69; 8 *id.* 330; 8 Paige, Ch. 452; 4 *id.* 458. The proof must conform to the plea. 11 Ark. 120, 134, 135; 24 Ark. 371; 29 Ark. 500; 10 Pet. 177; 13 Pet. 378; 41 Ark. 393, 400.

*J. H. Harrod,* for appellee.

Objections to the proceedings should be urged below. The law of this state governs. 54 Ark. 40. The proof shows that the lender had knowledge of the usurious transactions of its agent.

Hughes, J. This is an appeal from a decree in chancery, in which the appellees, the plaintiffs below, sought foreclosure of a deed of trust given to secure notes therein described, and to have the land conveyed by the deed sold for payment of the notes. The defense was usury. The answer prayed for cancellation of the notes and deed of trust. The court found for appellees, and decreed cancellation of the notes and deed of trust, from which the case comes here upon appeal.

The evidence discloses that the notes secured by the trust deed were dated and made payable at Kansas City, Missouri. The trust deed was given upon lands in Arkansas, and was acknowledged in the state of Arkansas. There was no proof of

the statutes of the state of Missouri upon usury.    If the contract was good in Missouri, it is good here.    We do not take judicial notice of the statutes of another state.

The court will not presume a contract to be usurious.    To maintain a plea of usury, it must be sustained by clear proof. *Holt* v. *Kirby*, 57 Ark. 250.    The rights of parties to contracts made and to be performed in another state will be adjudicated by the courts of this state precisely as they would be adjudicated in the courts of the state where the contracts were made and to be performed.    *Parsons Oil Co.* v. *Boyett*, 44 Ark. 230; *Matthews* v. *Paine*, 47 Ark. 54; *Bank of Harrison* v. *Gibson*, 60 Ark. 269; *Tenny* v. *Porter*, 61 Ark. 329.

Outside of the fatal objection above stated, we think the proof does not show that the notes were usurious.

Reversed and remanded, with directions to the court below to render a decree for the amount due upon the notes, including interest, and for foreclosure of the trust deed.