694

JOHN M. GEYER, JR., ET UX v. FIRST ARKANSAS
DEVELOPMENT FINANCE CORPORATION; AND SOUTHWEST
FACTORING CORPORATION

4764                                              434 S.W. 2d 301

Opinion Delivered November 25, 1968
[Rehearing denied December 23, 1968.]

*W. Tillar Adamson* for appellants.

*Rose, Meek, House, Barron, Nash & Williamson* and
*Warren & Bullion* for appellees.

PAUL WARD, Justice.    This is an appeal from a
chancery decree involving two foreclosures.    The ma-
terial facts summarized below are not in dispute.

John M. Geyer, Jr. and his wife (appellants here),
on February 19, 1963, executed their note for $60,000 to

First Arkansas Development Finance Corporation (an appellee here, and referred to as Corporation). The note was secured by a first mortgage on certain real estate, and also by a security agreement on personal property—all belonging to appellants. Later, appellants executed their note to Southwest Factoring Corporation (an appellee and referred to as Factoring Co.) in the sum of $51,910.25, which was secured by a second mortgage lien on the land included in the first mortgage mentioned previously.

On April 18, 1967, after the above mentioned note became delinquent, Corporation filed suit for judgment for balance due, and for foreclosure of its mortgage, naming appellants and Factoring Co. defendants. Factoring Co. asserted its right to judgment and a foreclosure. Appellants admitted, in their answer, the execution of said notes and securities, but denied they were liable to pay any attorney's fees. By way of cross-complaint appellants alleged Corporation required them (as a prerequisite to the loan) to purchase one of its debentures, in the sum of $3,000, due in fifty years, without interest—asking that the $3,000 be allowed as a credit on their note. They also contended that the Factoring Co. note was usurious. (Other parties were made defendants in the suit but they are not involved on appeal).

After hearing testimony on the issues raised, the trial court entered a Decree, holding, in material parts:

(1) Corporation entitled to judgment against appellants for balance due in the amount of $44,554.93 and interest; for $1,407.70—money paid on taxes, and; for $2,000 as attorney fees.

(2) Denied appellants credit for the $3,000 debenture.

(3) Gave Factoring Co. judgment against appellants in the sum of $60,475.45 and interest on

the note, and $2,000 for attorney fees, and also held said note was not usurious.

(4) Ordered a foreclosure and sale of the securities, and retained jurisdiction for certain specified purposes.

On appeal, appellants rely, for a reversal, on the separate points, which we now examine in order named.

*One.* It is contended here by appellants that the trial court erred in charging them with an attorney's fee, citing Ark. Stat. Ann. § 68-910 (Repl. 1957), which reads:

"A *provision in a promissory note* for the payment of reasonable attorney's fees not to exceed ten per cent of the amount of principal due, plus accrued interest, for services actually rendered in accordance with its terms is enforceable as a contract of indemnity." (Emphasis supplied.)

It is then pointed out by appellants that the notes here in question contain no such *provision.*

We are unable to agree with appellants' contention. Appellants are correct in stating there is no such *provision* in the note, but there is language in the note and mortgage which, we think, justified the court's action. The note contains this language:

"All the terms, covenants, conditions, provisions, stipulations, and agreements in said Deed of Trust and in said Security Agreement contained are hereby made a part hereof to the same extent and with the same effect as if the same were fully set forth herein."

In the Twelfth paragraph of the Deed of Trust there appears the following language:

"It is furthermore agreed that said party of the first part (appellant) will pay to parties of the second and third parts, any and all sums, including costs, expenses and reasonable attorney's fees which they may incur . . ."

In *The W. T. Rawleigh Co.* v. *Wilkes,* 197 Ark. 6 (p.9), 121 S.W. 2d 886, this Court said:

"The general rule is that in the absence of anything to indicate a contrary intention, instruments executed at the same time, by the same parties, for the same purpose, and in the course of the same transaction, are, in the eye of the law, one instrument, and will be read and construed together as if they were as much one in form as they are in substance."

See also Ark. Stat. Ann. § 85-3-119 (1961 add.) which, in material part, reads:

"As between the obligor and his immediate obligee . . . the terms of an instrument may be modified or affected by any other written agreement executed as a part of the same transaction . . . ."

*Two.* As previously mentioned, appellants contend the trial court erred in refusing to deduct the $3000 debenture from the $60,000. The thrust of appellants' argument is that the court's refusal violated the U. S. and Arkansas constitutions in that it deprived them of their property without due process of law. This argument is largely based on language used in Act 567 of 1957 under which Corporation was organized. Specific attention is called to language used in the first sentence in § 15 and paragraphs three and four in § 17 of said Act. We deem it unnecessary to reply to the able and forceful arguments presented on the question of unconstitutionality, because we feel that this issue was decided adversely to appellants in the case of *Andres* v. *First Ark. Development Finance Corp.,* 230 Ark. 594, 324 S.W. 2d 97.

We further point out that the constitutional guarantee of "due process" is designed to prevent abuse of personal rights by the state or federal government, and does not refer to dealings between individuals. Also, in the case here under consideration it cannot be reasonably contended that Corporation *forced* appellants to purchase the debenture. Appellants were free to accept or reject the conditions of the loan.

*Three.* It is finally contended by appellants that the note given by them to Factoring Co. is usurious, and that the trial court erred in holding otherwise. The note in question was executed on August 11, 1964 and is in the face amount of $51,910.25. It is not abstracted but is set out, as exhibit No. 8, at page 154 of the transcript. We find nothing in the abstract or the transcript which clearly explains why the note was executed, except it appears it is in some manner related to a "factoring agreement" whereby appellants were to sell and Factoring Co. was to buy certain open accounts belonging to the business being operated by them. The note specifically states that it draws "interest from date until paid at the rate of 6% per annum", and it contains no reference to the "factoring agreement".

In view of the above facts the burden was on appellants to prove usury—as this Court has uniformly held for many years. *Holt* v. *Kirby*, 57 Ark. 251 (p.256), 21, S.W. 432 and *Cox* v. *Darragh Company*, 227 Ark. 399 (402), 299 S.W. 2d 193. Also we point out the rule announced by this Court many years ago that "The court will not presume a contract to be usurious". *Sawyer* v. *Dickson*, 66 Ark. 77, 48 S.W. 903.

We think it sufficient in this case, in affirming the trial court, to point out that appellants, in their brief, have called our attention to no evidence that the *note* was usurious. The evidence deals solely with the factoring agreement. The only case relied on by appellant for a reversal is *Manhattan Factoring Corp.* v. *Ors-*

*burn*, 238 Ark. 947, 385 S.W. 2d 785.   However, in that case no promissory note was involved and is, therefore, not applicable to the facts in this case.

Finding no reversible error, the decree of the trial court must be, and it is hereby, affirmed.