WARNER HOLDINGS, LTD., Ruth SINGER and
Hymie SINGER *v.* Mary Ann ABREGO,
Larry A. COTTEN, and Brenda S. COTTEN

84-295                                                    688 S.W.2d 724

Supreme Court of Arkansas
Opinion delivered April 22, 1985

*Gregory T. Karber,* for appellants.

*Harper, Young, Smith & Maurras,* by: *Robert Y. Cohen, II,* for appellee Mary Ann Abrego.

*Phillip J. Taylor,* for appellees Larry A. Cotten and Brenda S. Cotten.

DAVID NEWBERN, Justice. This is the second appeal arising from a mortgage foreclosure case. Our jurisdiction is based on Ark. Supreme Court and Court of Appeals Rule 29. 1. j. In the first appeal we held that, given the state of the law in 1974, when the mortgage was executed, the mortgagor, United Peoples Federal Savings and Loan Association, could not enforce a "due on sale" clause against its mortgagee, Mary Ann Abrego, and those who had purchased the mortgaged property from her. *Abrego* v. *United Peoples Federal Savings and Loan Association,* 281 Ark. 308, 664 S.W.2d 858 (1984). Larry and Brenda Cotten had purchased from Abrego, and ultimately Warner Holdings and Ruth Singer had purchased from the Cottens. Hymie Singer had co-signed Ruth's note to the Cottens. Peoples had sought enforcement against Abrego and had named the Cottens and Warner and the Singers as defendants.

In their purchase agreement with Abrego, the Cottens had promised to indemnify Abrego for any loss resulting from demands Peoples might make, and they specifically agreed to pay attorney's fees which might be incurred by

Abrego in protecting her interest in the property and in enforcement of the indemnity agreement against the Cottens. In their agreement with the Cottens, which incorporated the Abrego-Cotten agreement by reference, Warner and Singer promised to protect the Cottens in the same manner Abrego was protected in her agreement with the Cottens.

In her original decision the chancellor awarded eighty percent of the attorney's fees requested by attorneys for Abrego and the Cottens against Warner and Singer. In remanding the case we held the eighty percent award might have been arbitrary and directed the chancellor to award reasonable attorney's fees, costs and other reasonable expenses. In her reconsideration, the chancellor awarded substantially more in attorney's fees than she had originally allowed.

Warner and Singer argue that (1) no attorney's fees should have been awarded to the Cottens for enforcement of their indemnity agreement against Warner and Singer; (2) it was error to hold Warner and Singer ultimately liable for attorney's fees awarded to Abrego in enforcement of her indemnity agreement with the Cottens; and (3) the attorney's fees awarded were excessive. The Cottens have cross-appealed, saying that if Warner's and Singer's obligations to them are reduced, their obligations to Abrego should also be reduced. As we affirm on appeal, the cross-appeal becomes moot.

## 1. Indemnity agreement enforcement

For their contention that they should not have to pay attorney's fees incurred by the Cottens in enforcement of their agreement with Warner and Singer, Warner and Singer cite *U.S. Fidelity and Guaranty Company* v. *Love*, 260 Ark. 374, 538 S.W.2d 558 (1976), for the general proposition that when a party agrees to indemnify another against losses, attorney's fees incurred in enforcement of the indemnity agreement are not recoverable. We continue to observe that general proposition but need only note here that it was developed in cases in which the indemnity agreement

contained no specific promise that the indemnitor would pay the attorney's fees of the indemnitee incurred by the indemnitee in enforcing the indemnity agreement. *See, e.g., U.S. Fidelity and Guaranty Co.* v. *Love,* cited above. We have no doubt that there was an agreement to pay attorney's fees, as the contract between the Cottens and Warner and Singer said the Cottens were to be protected in the same manner Abrego was protected. The appellants do not challenge Abrego's right to an attorney's fee in enforcement of her indemnity contract against the Cottens. Because of its "same protection" language, the contract between the Cottens and Warner and Singer provided Warner and Singer were to pay the Cottens' attorney's fees incurred in enforcing their agreement.

### 2. Fees passed on

Warner and Singer argue that in her original decree the chancellor did not award the Cottens an amount to compensate them for attorney's fees the Cottens were required to pay Abrego under the Abrego-Cotten agreement. Their further contention is that, as this court did not reverse the chancellor's decision on that point, her first decision is law of the case, and she should not have made such an award on remand. While the chancellor was not specific in saying what the attorney's fee she awarded to the Cottens represented, we must agree it could not have included the larger sum awarded to Abrego. Nothing in the abstract or, as far as we can tell, the record, shows this law of the case argument was called to the chancellor's attention. It was not stated in a brief submitted to the chancellor by Warner and Singer in which they argued the effect of the hold harmless agreements. We will not consider an issue raised for the first time on appeal. *Green* v. *Ferguson,* 263 Ark. 601, 567 S.W.2d 89 (1978).

Even if we were to consider it, we would have to say the chancellor reached the right result in view of Warner's and Singer's agreement to protect the Cottens just as Abrego was protected in the Abrego-Cottens agreement. We affirm if the chancellor reached the correct result. *Moose* v. *Gregory,* 267 Ark. 86, 590 S.W.2d 662 (1979).

### 3. Reasonableness of attorney's fees

Warner and Singer argue that the fees awarded by the chancellor are excessive in comparison with her original awards. In view of the fact that an appeal and proceedings on remand have occurred since the original awards were made we think the comparison is not very useful.

When she made the final award of attorney's fees, the chancellor had before her briefs of the parties and a record of unrefuted expert testimony to the effect the fees sought by the attorneys for Abrego and the Cottens were reasonable, and, in the case of one attorney, less than a reasonable hourly rate had been charged. The record also included detailed time records of the attorneys. In her decision the chancellor cited our leading case on the manner of determining reasonableness of attorney's fees. *Love* v. *United States Fidelity and Guaranty Co.*, 263 Ark. 925, 568 S.W.2d 746 (1978).

There is no precise formula for the determination of reasonableness of attorney's fees. *Southall* v. *Farm Bureau Mutual Insurance Co. of Arkansas, Inc.*, 283 Ark. 335, 676 S.W.2d 228 (1984). The question of reasonablness of attorney's fees is to be addressed to the chancellor's discretion. *Troutt* v. *First Federal Savings and Loan Association of Hot Springs*, 280 Ark. 505, 659 S.W.2d 183 (1983); *New Hampshire Insurance* v. *Quilantan*, 269 Ark. 359, 601 S.W.2d 836 (1980). We find no abuse of discretion here.

We cannot end this opinion without noting we have not been asked to address instances in which attorney's fees may be allowed as a general proposition. The appellant has not argued that attorney's fees may not be awarded unless specifically authorized by statute, or that an agreement permitting recovery of such fees constitutes an unlawful penalty. *See Missouri Pacific Railroad Co.* v. *Winburn Tile Manufacturing Co.*, 461 F.2d 984 (1972); Note, 9 Ark. L. Rev. 70 (1954). We recognize that our decisions in this area are not clear, and, when presented with a case raising the issue properly, we will address squarely the question whether a clause permitting recovery of reasonable attorney's fees

incurred in enforcement of the agreement containing the clause is enforceable.

We also have before us motions to assess reasonable attorney's fees and costs in favor of the appellees on this appeal. The only response of the appellants is that this court previously found the attorney's fees not to be covered by the indemnity agreement and the fees requested are excessive. We made no such finding in our earlier decision.

The attorney for appellee Abrego seeks a fee of $976.00 and costs of $125.57, or $1,101.57. We find these amounts to be reasonable and assess them jointly and severally upon the Cottens, Warner and Ruth Singer.

The Cottens ask that the fees awarded to Abrego against them on this appeal be awarded in turn in their favor against the appellants. The motion is granted.

The Cottens ask further for an award of their attorney's fees against the appellant on this appeal. They ask the amount sought by their attorney which is $2,145.00 for fees and costs plus expenses advanced on behalf of Abrego in the amount of $76.88. We hold that $1,200 may be charged as a reasonable fee for the Cottens' attorney, and they are entitled to that amount from the appellants plus the above mentioned costs of $76.88 and printing costs of $113.56.

Affirmed.