Garrell L. WHITE *v.* ASSOCIATES COMMERCIAL
CORPORATION

CA 86-94                                         725 S.W.2d 7

Court of Appeals of Arkansas
Division II
Opinion delivered March 4, 1987
[Rehearing denied April 15, 1987.]

*James O. Strother*, for appellant.

*Davis, Cox & Wright*, by: *Constance G. Clark*, for appellee.

BETH GLADDEN COULSON, Judge. This appeal is from a deficiency judgment for $9,006.67, plus costs, in favor of the appellee, Associates Commercial Corporation. The appellant asserts four points for reversal. We find merit in only one and modify the judgment accordingly.

In connection with the purchase of a 1980 Kenworth tractor, the appellant, Garrell L. White, signed a conditional sales contract and security agreement in which he promised to pay a balance of $49,126.68 in monthly installments of $1,364.63. The seller assigned the contract and security interest to the appellee. The appellant defaulted after having made eight monthly payments. The appellee filed an action in replevin seeking possession of the tractor and asked that a deficiency judgment be entered should sale of the tractor fail to provide sufficient funds to satisfy the indebtedness. The court ordered the tractor seized and subsequently awarded possession to the appellee. The appellant immediately entered into negotiations with the appellee in an attempt to redeem the tractor. These negotiations failed, and the appellant was given notice of a public sale. The tractor eventually sold for $28,000.00.

The appellee then sought a judgment for the deficiency. The appellant counterclaimed seeking damages as a result of the appellee's alleged failure to allow redemption of the tractor. The trial court found that the appellee had sold the tractor in a commercially reasonable manner and that the appellant had

failed to prove that the appellee refused to allow redemption. A deficiency judgment in the amount of $9,006.67 was entered in favor of the appellee. In arriving at that figure, the trial court permitted recovery by the appellee of $1,700.00 in attorney's fees incurred in obtaining possession of the tractor.

On appeal, it is argued that the appellee did not proceed in a commercially reasonable manner and that the appellant was entitled to damages. The appellant contends that the court erred in admitting into evidence a proof of publication form, in finding that the appellant failed to tender the amount necessary to redeem the tractor, and in allowing recovery of attorney's fees. Because we find recovery of attorney's fees improper under the facts of this case, the judgment of the trial court is reduced accordingly.

At trial, one of the appellee's employees testified as to the time and place of the public sale of the tractor. He also testified that notice had been given by publication in a certain newspaper on two successive days. The appellee sought to introduce a copy of the advertisement and a proof of publication form completed by the publisher of the newspaper. The appellant objected to the evidence arguing that the appellee had failed to furnish a copy of the document despite prior interrogatories requesting copies of all documentation to be used at trial. These interrogatories were to have been supplemented upon receipt of additional information by the appellee. Counsel for the appellee responded that the document was first received on the night before trial. The court admitted the proof of publication "in the interest of justice" but noted that such evidence should normally be furnished to opposing counsel.

■■ The admissibility of evidence is within the sound discretion of the trial judge. The trial judge's rulings will not be disturbed on appeal absent an abuse of that discretion. *Smith* v. *Chicot-Lipe Ins. Agency*, 11 Ark. App. 49, 665 S.W.2d 907 (1984). Although the appellant directs our attention to Rule 26(e)(2) of the Arkansas Rules of Civil Procedure—which deals with the duty to seasonably amend prior responses—he fails to point out how either of the subsections in that rule apply to the facts of this case. Also, the record reveals that a foreclosure report furnished in response to the interrogatories specified that publica-

tion had been in the newspaper at issue on the dates indicated. As such, we fail to see how the appellant was prejudiced. Furthermore, the proof of publication form was merely corroborative of the testimony supplied by the appellee's employee. The Arkansas Supreme Court was faced with a similar issue in *Smith* v. *State*, 256 Ark. 321, 507 S.W.2d 110 (1974).We find the following language from the Court's opinion persuasive:

> Complaint is made of the . . . failure to include the name of [a witness] upon the original list of witnesses furnished to defense counsel. No bad faith is attributed to the prosecuting attorney, *who did not learn of this witness until the night before the trial began.* He immediately informed the defense of the identity of the new witness . . . There was no plea of surprise, and *[the] testimony was merely cumulative.* No prejudicial error is shown. *King* v. *Cardin*, 229 Ark. 929, 319 S.W.2d 214 (1959). [Emphasis ours.]

Similarly, upon the facts of this case, we cannot say that the trial judge abused his discretion in admitting the evidence.

It is also argued that the trial court erred in finding that the appellant failed to tender the amount necessary to redeem the tractor. The right of redemption is set forth in Ark. Stat. Ann. § 85-9-506 (Supp. 1985), which basically provides that: "[a]t any time before the secured party has disposed of collateral . . . the debtor [may] . . . redeem the collateral *by tendering fulfillment of all obligations secured by the collateral* as well as the expenses reasonably incurred by the secured party . . . ." (Emphasis ours.)

The record shows that the appellee provided the appellant with figures for the payoff amount and with the dates through which those figures would remain good. The amount due would increase at the expiration of each time period as another month's interest was added. The appellant failed to tender the payoff amount until after the second expiration date. At that time, the tendered amount was no longer correct. There is additional evidence that the appellee later agreed to accept the lesser amount, but the appellant decided not to tender payment. The judge specifically found that the appellant's tender of payment

had been insufficient to fulfill all of the obligations secured by the collateral, as well as the expenses reasonably incurred by the secured party. Because we cannot say that the trial judge's finding was clearly against a preponderance of the evidence, we affirm this portion of the decision.

Having determined that the trial court did not err in admitting the proof of publication and in finding that the appellant failed to tender the amount necessary to redeem the tractor, we need not address the appellant's contention that he was entitled to damages. The right to damages was dependent upon a finding that the appellee had not proceeded in a commercially reasonable manner. To support such a finding, it was incumbent upon the appellant to succeed on his other points. As was stated previously, we find no merit in those arguments. The trial judge specifically found that the appellee had acted in a commercially reasonable manner as required by Ark. Stat. Ann. § 85-9-504(3) (Supp. 1985). We agree.

■ The appellant's final argument is that the trial court erred in allowing recovery of $1,700.00 in attorney's fees incurred by the appellee in obtaining possession of the tractor. The instrument upon which suit was brought in this case is a conditional sales contract and security agreement. It provides for the recovery of "the reasonable fees of any attorneys retained by Seller (20% of all sums then owing hereunder if permitted by law)." Notwithstanding that the parties have contracted for the recovery of attorney's fees, the Arkansas Supreme Court has consistently held that a party cannot recover attorney's fees unless such fees are expressly provided for by statute. *Harper* v. *Wheatley Implement Co.*, 278 Ark. 27, 643 S.W.2d 537 (1982).

*Harper* involved facts quite similar to those before this court. The supreme court reversed the trial court's award of attorney's fees and noted that the governing statutory provision, Ark. Stat. Ann. § 68-910 (Repl. 1979), provides for attorney's fees only where the underlying instrument is a promissory note. In light of the holding in *Harper, supra*, and because this case does not involve a promissory note, the award of attorney's fees was improper.

The appellee argues that Ark. Stat. Ann. § 85-9-504 (Supp. 1985) is an authorization statute which by itself would allow for

the recovery of attorney's fees in cases such as this. That section provides:

> (1) A secured party after default may sell, lease, or otherwise dispose of any or all of the collateral . . . following any commercially reasonable preparation . . . The proceeds of disposition shall be applied in the order following to
>
> (a) the reasonable expenses of retaking, holding, preparing for sale or lease . . . *and to the extent provided for in the agreement and not prohibited by law, the reasonable attorneys' fees and legal expenses incurred by the secured party* . . . . [Emphasis ours.]

Prior to the Arkansas Supreme Court's opinion in *Harper, supra*, the federal courts had predicted that Arkansas might adopt the position now advanced by the appellee. *In re Morris*, 602 F.2d 826 (8th Cir. 1979). However, in an opinion not cited by the federal court, the Arkansas Supreme Court had determined that adoption of a similar provision in the Negotiable Instruments Act, Act 81 of 1913, did not constitute the enactment of an authorization statute for attorney's fees. *Bank of Holly Grove* v. *Sudbury*, 121 Ark. 59, 180 S.W. 470 (1915).

We feel that the issue was resolved in *Harper, supra*. In explaining the effect of the Uniform Commercial Code's provision for attorney's fees, the court emphasized that the Code provided for payment of reasonable attorney's fees in cases " 'not prohibited by law.' " 278 Ark. at 36. The opinion intimates that "not prohibited by law" means those cases in which such fees are authorized by statute and that the only statutory authority is Ark. Stat. Ann. § 68-910 (Repl. 1979) which requires that the underlying instrument be a promissory note. As was discussed earlier, this case does not involve a promissory note. Therefore, we find no merit in the appellee's argument that section 85-9-504(1)(a) supports the trial court's award of attorney's fees.

The appellee also directs our attention to the fact that we are dealing with attorney's fees awarded for services rendered by an attorney in obtaining possession of the collateral. The appellee points out that in *Svestka* v. *First Nat'l Bank of Stuttgart*, 269 Ark. 237, 602 S.W.2d 604 (1980), the supreme court stated that a

secured creditor was entitled to recover reasonable attorney's fees for services rendered in obtaining possession of collateral. 269 Ark. at 240. We note, however, that *Svestka* involved a suit against an accommodation maker on a note. The subsequent decision in *Harper, supra*, similarly involved attorney's fees as a cost of reducing the collateral to possession, and the court found that there was no authority for an award of such fees. We feel that *Svestka* is distinguishable and that the case before us is governed by the holding in *Harper, supra*. For the foregoing reasons, the judgment of the trial court is reduced by $1,700.00. The decision is otherwise affirmed.

Affirmed as modified.

MAYFIELD and COOPER, JJ., agree.