Vernon DAMRON and Betty Damron *v.* UNIVERSITY ESTATES, PHASE II, INC.

88-43 750 S.W.2d 402

Supreme Court of Arkansas
Opinion delivered May 23, 1988
[Rehearing denied June 20, 1988.*]

---

* Glaze, J., would grant rehearing.

*Bullock & McCormick*, by: *David H. McCormick*, for appellant.

*Sanford, Pate & Gunn*, by: *Jon R. Sanford*, for appellee.

JOHN I. PURTLE, Justice. The chancellor awarded appellee a judgment on its complaint to collect charges from the appellant for services rendered in maintaining the common areas on property within a horizontal property regime. Additionally, the chancellor ordered appellant to pay attorney's fees. This appeal is from that part of the decree only. We hold that the chancellor was correct in awarding attorney's fees.

The appellee, University Estates, Phase II, Inc., is an Arkansas non-profit corporation with the purpose of, among other things, maintaining common areas in a horizontal property

regime. The appellee collects from the individual property owners an amount sufficient to pay the costs of care and maintenance for the common areas in the regime.

The appellants own a residence within University Estates, and were assessed the sum of $526.50 for their share of the cost of maintaining the common areas. They denied owing said sum. The appellee brought suit to collect this sum, plus interest at the rate of 10%, and for costs and attorney's fees. The complaint also sought to have the judgment declared a lien upon the property owned by the appellants and for foreclosure if said judgment was not timely satisfied.

On the 10th day of February, 1987, a decree was entered awarding the appellee judgment against the appellants for their pro rata charges for maintenance of the common areas. The court also entered judgment for costs and attorney's fees in the amount of $919.87. The total judgment was decreed a lien against appellants' property. The court declared the judgment prior to all liens except the first mortgage.

The appellants had purchased property within a horizontal property regime already in existence. The regime had filed a "Declaration of Covenants, Conditions and Restrictions" in the Office of the Circuit Clerk of Pope County, Arkansas, the county where the property is situated. This document contained a provision which stated:

> The annual and special assessments, together with interest, costs and reasonable attorney's fees shall be a continuing lien upon property against which each such assessment is made. Each such assessment, together with reasonable attorney's fees, shall also be the personal obligation of the person who was the owner of such property at the time assessment fell due.

[] The Horizontal Property Act is codified at Ark. Code Ann. § 18-13-101 et seq. (1987), and provides for mandatory pro rata contributions from property owners within a horizontal property regime for "the expenses of administration and of maintenance and repair of the general common elements . . . ." (§ 18-13-116). The act also provides that the administration of every building constituted into horizontal property shall be

governed by the bylaws which shall be recorded with the master deed at the county courthouse. (§ 18-13-108(a)). Arkansas Code Ann. § 18-13-108(b) sets out the minimum provisions of the bylaws, and subsection (b)(4) specifically requires the bylaws to provide for the manner of collecting from the "co-owners" for the costs of the common expenses. The act further provides that the "co-owners" of the apartments are bound to contribute "toward any other expense lawfully agreed upon." (§ 18-13-116).

The only question to be answered by this opinion is whether the chancellor erred in awarding attorney's fees to the appellee for the attorney's services in collecting the charges from the appellants for maintenance of the common areas in the regime.

■ Our general rule relating to attorney's fees is well established and is that attorney's fees are not allowed except when expressly provided for by statute. *Harper* v. *Wheatley Implement Co.*, 278 Ark. 27, 643 S.W.2d 537 (1982). *Harper* cited with approval our holding to the same effect in *Brady* v. *Alken, Inc.*, 273 Ark. 147, 617 S.W.2d 358 (1981). This line of cases was followed by the Arkansas Court of Appeals in *White* v. *Associates Commercial Corp.*, 20 Ark. App. 140, 725 S.W.2d 7 (1987), in which the court stated: "Notwithstanding that the parties have contracted for recovery of attorney's fees, the Arkansas Supreme Court has consistently held that a party cannot recover attorney's fees unless such fees are expressly provided for by statute." See also *Millsap* v. *Lane*, 288 Ark. 439, 706 S.W.2d 378 (1986), where we discussed the American rule concerning attorney's fees and the "common fund" exception.

Arkansas Code Ann. § 4-56-101 (1987) provides that "a provision in a promissory note for the payment of reasonable attorney's fees . . . is enforceable as a contract of indemnity." In *Geyer* v. *First Arkansas Development Finance Corp.*, 245 Ark. 694, 434 S.W.2d 301 (1968), we held that attorney's fees were expressly provided for by this statute, where the promissory note incorporated by reference the mortgage, which provided for the payment of reasonable attorney's fees. See also *In Re Morris*, 602 F.2d 826 (8th Cir. 1979), applying Arkansas law. Arkansas Code Ann. § 4-9-504(1)(a) (1987) (a provision of the Uniform Commercial Code), which concerns the disposition of collateral involving secured transactions for the sale of goods, authorizes an

award of attorney's fees "to the extent provided for in the agreement and not prohibited by law." A very recent statute, Ark. Code Ann. § 16-22-308 (Supp. 1987) (effective April 6, 1987), which will no doubt have a considerable impact on this area of the law provides:

> In any civil action to recover on an open account, statement of account, account stated, promissory note, bill, negotiable instrument, or contract relating to the purchase or sale of goods, wares, or merchandise, or for labor or services, unless otherwise provided by law or the contract which is the subject matter of the action, the prevailing party may be allowed a reasonable attorney fee to be assessed by the court and collected as costs.

Our decisions concerning attorney's fees under the UCC appear somewhat conflicting. See *Svestka* v. *First National Bank in Stuttgart*, 269 Ark. 237, 602 S.W.2d 604 (1980); and *Harper* v. *Wheatley*, supra. These two opinions seem to take opposite positions on the question whether a secured creditor is entitled to recover reasonable attorney's fees for services rendered in obtaining possession of collateral after default and in disposing of the collateral.

This court has recognized the right of parties under certain circumstances to contract for the collection of attorney's fees. In *Abrego* v. *United Peoples Federal Savings and Loan*, 281 Ark. 308, 664 S.W.2d 858 (1984), we held that indemnity agreements, which included a promise to indemnify for reasonable attorney's fees, were enforceable. In *Abrego I*, we remanded the case to the trial court with instructions to award attorney's fees and other costs "which were reasonable, proper, necessary, and incurred in good faith and with due diligence." The same case was again before us in *Warner Holdings, Ltd.* v. *Mary Ann Abrego, et al.*, 285 Ark. 434, 688 S.W.2d 724 (1985). In *Abrego II* we stated that Arkansas still follows the general rule that when a party agrees to indemnify another against losses, attorney's fees incurred in the enforcement of the indemnity agreement are not recoverable. We noted, however, that the rule developed in cases in which the indemnity agreement contained no specific promise to pay attorney's fees. The agreement between the parties in that case contained a specific promise to pay attorney's fees which

might be incurred in enforcing the indemnity agreement. The *Abrego II* opinion concluded:

> We cannot end this opinion without noting we have not been asked to address instances in which attorney's fees may be allowed as a general proposition. The appellant has not argued that attorney's fees may not be awarded unless specifically authorized by statute, or that an agreement permitting recovery of such fees constitutes an unlawful penalty. [Citation omitted.] We recognized that our decisions in this area are not clear, and, when presented with a case raising the issue properly, we will address squarely the question whether a clause permitting recovery of reasonable attorney's fees incurred in enforcement of the agreement containing the clause is enforceable.

Although that precise question is not before us, we must answer the question whether attorney's fees, although not specifically authorized by statute, are nevertheless recoverable under the circumstances of this case. The Horizontal Property Act does not specifically mention attorney's fees. However, it does clearly authorize the collection of common expenses and *"any other expense lawfully agreed upon."* (Emphasis added.) The act further requires that the bylaws, which are binding upon the purchasers of property within the regime, be filed of record. The "Declaration of Covenants, Conditions and Restrictions" was recorded on the property records of Pope County at the time the appellants purchased property in the regime. These bylaws provide for the collection of reasonable attorney's fees. By the act of purchasing property in the regime, the appellants agreed to abide by the terms of these bylaws. This agreement was clearly authorized by the legislature in the Horizontal Property Act.

■ Contrary to the assertion of the dissent, we do not categorize the attorney's fees authorized by the statute as "expenses" or "costs" as those terms are generally recognized in the context of the expenses of litigation. Rather, under the circumstances of this case, we think the appellants clearly agreed to be obligated to pay reasonable attorney's fees incurred in collecting the common expenses of the regime. Although not doing so expressly, the legislature authorized horizontal property regimes to collect attorney's fees under the circumstances by

authorizing the collection of "any other expense lawfully agreed upon." Certainly the recovery of attorney's fees in this case was an "expense lawfully agreed upon." Therefore we hold that the chancellor was correct in entering judgment for the attorney's fees.

Affirmed.

DUDLEY and GLAZE, JJ., dissent.

TOM GLAZE, Justice, dissenting. The majority opinion contradicts this court's long-settled rule that attorneys' fees are not charged as costs in litigation unless specifically permitted by statute. *See Millsap v. Lane*, 288 Ark. 439, 706 S.W.2d 378 (1986). Here, the majority uses "bootstrap logic" in holding that Arkansas's Horizontal Property Act authorizes attorneys' fees. In its opinion, the majority says that, although the Act does not mention attorneys' fees, the Act does authorize the collection of "the expenses of administration and of maintenance and repair of the common elements," and further binds co-owners to contribute toward "any other expense lawfully agreed upon." The majority surmises from this language in the Act that since the parties, in their *bylaws*, agreed that the association's annual and special assessments should include attorneys' fees, the trial court was authorized by law to award appellee such fees in this litigation wherein it sued appellants for their share of common-area expenses.

Clearly, the Act makes no mention whatsoever of attorneys' fees, and for that reason alone, the majority should have ended its inquiry and held the trial court was wrong in awarding fees to the appellee. Instead, the majority took the private bylaws that controlled the parties' horizontal property regime, and construed those bylaws as being part of the Act. In doing so, the majority concludes that attorneys' fees are "other expense(s) lawfully agreed upon." By this engrafting process, the majority claims the language of the Act "expressly" authorizes the award of attorneys' fees. If this logic controls, I see nothing to prevent parties from entering private agreements under which they agree attorneys' fees are "costs" or "expenses" and awardable as such. However, such a practice would appear contrary to the rule that the term "costs" or "expenses" as used in a statute is not understood ordinarily to include attorneys' fees. *See* 20 Am. Jur.

2d *Costs* § 72 (1965). In view of the position now taken by the majority, I would expect written contracts, leases and similar documents to provide that attorneys' fees be allowable as costs or expenses even though no statute specifically mentions attorneys' fees, but does contain language that costs (or expenses) are recoverable.

Another reason I part with the majority's logic is that the terminology "other expense," as employed in the Act, in no way indicates the General Assembly intended that term to include attorneys' fees. As pointed out in the majority opinion, Ark. Code Ann. § 18-13-116(a) (1987) — where the "other expense" language appears — concerns itself with an owner's obligation to share in the expenses of the administration, maintenance and repair of the general common elements. That provision makes no reference as to costs or expenses incurred in collecting such common-area expenses.

The appellee, in the present case, brought suit against the appellants for their pro-rata unpaid share of expenses actually incurred in maintaining the common areas. The statutory language in issue here offers no suggestion that it was intended to include attorneys' fees incurred in the event action is required to collect common-area expenses from a horizontal-property owner.

If this court now adheres to the rule that parties, by agreement or bylaws, may authorize attorneys' fees as costs or expenses, we should plainly adopt that view. If not, the court should continue to deny attorneys' fees as costs or expenses unless a statute exists that expressly or specifically provides such fees are recoverable.