BEAVER WATER DISTRICT *v.* Herschel GARNER and Denise Garner, Husband and Wife; and Jessica Norman

CA 07-777 283 S.W.3d 595

Court of Appeals of Arkansas
Opinion delivered April 23, 2008

*Ronald L. Boyer,* for appellant.

*John R. Eldridge, III,* for appellees.

PER CURIAM. In an unpublished opinion, we recently affirmed an award of interest and attorney's fees in this

condemnation case. The Garners now request attorney's fees and costs for expenses incurred in successfully defending the appeal. We grant their request and award them $10,000 in fees and $458.79 in costs.

The Beaver Water District condemned seventy acres of the Garners' land in January 2003. The Garners initially challenged the necessity of the taking, but later conceded necessity after a long discovery process. A jury later valued the condemned property at $900,000, approximately twice the sum deposited by the District into the registry of the court. The circuit court entered judgment on February 5, 2007, awarding the Garners $900,000 on the jury's verdict; prejudgment interest of 7% on the jury's verdict from January 23, 2003, until March 28, 2005;[1] prejudgment interest of 7% on $447,455 from March 28, 2005, until entry of the judgment; attorney's fees of $75,000; and postjudgment interest at the rate of 10% on the $447,455, the $75,000 attorney's fees, and the amount of the prejudgment interest. The District challenged the award of interest and attorney's fees, but we affirmed the award in an unpublished opinion. *See Beaver Water Dist. v. Garner*, CA 07-777 (Ark. Ct. App. Mar. 12, 2008).

The Garners now request $11,715 in attorney's fees and $458.79 for costs expended on appeal. They contend that their request is proper under Ark. Code Ann. § 18-15-605(b) (Repl. 2003), which provides for attorney's fees in cases where the amount awarded by the jury exceeds the amount deposited in the registry of the court by more than twenty percent. They also cite other cases where the Arkansas Supreme Court has awarded attorney's fees and costs on appeal. *See Jones v. Jones*, 327 Ark. 195, 938 S.W.2d 228 (1997) (awarding $8000 in a child-custody appeal); *Elkins v. Coulson*, 293 Ark. 539, 739 S.W.2d 675 (1987) (denying a writ of prohibition against the court of appeals for awarding attorney's fees on appeal and noting that the court of appeals had the jurisdiction and authority to award attorney's fees in divorce actions); *Warner Holdings Ltd. v. Abrego*, 285 Ark. 434, 688 S.W.2d 724 (1985) (awarding various fees in a second appeal from a mortgage foreclosure); *In re Smith*, 183 Ark. 1025, 39 S.W.2d 703 (1931) (showing that the supreme court has the power

---

[1] The order dismissing the necessity issue was entered March 28, 2005.

to order a spouse to award costs as an incident to the appellate jurisdiction of the court, though it could not do so in that case for lack of jurisdiction).

As we indicated in our original opinion, when the State (or an entity acting as an arm of the State) condemns property belonging to another, it is obligated to put the owner in as good a position pecuniarily as he would have been had his property not been taken. *See Kirby Forest Indus., Inc. v. United States*, 467 U.S. 1 (1984). We also observed that the language in § 18-15-605(b) mandates an attorney's fee in cases where the jury award exceeds the money deposited in the registry of the court by at least twenty percent. In considering the current request for fees and costs, we find support in *Arkansas State Highway Commission v. Stupendi*, 222 Ark. 9, 13, 257 S.W.2d 37, 40 (1953) (quoting *Jacobs v. United States*, 290 U.S. 13 (1933) ("The owner is not limited to the value of the property at the time of the taking; *'he is entitled to such addition as will produce the full equivalent of that value paid contemporaneously with the taking.'* ") (emphasis added)); *see also Arkansas State Hwy. Comm'n v. Vick*, 284 Ark. 372, 682 S.W.2d 731 (1985) (citing *Stupendi* and holding that the owners were entitled to interest at a rate that exceeded that specified by statute, as the rate mandated by statute was insufficient to fully compensate the owners for the taking).

 Under both the federal and state constitutions, the Garners must be placed financially in the position they were in before this property was taken. As a result of the taking, they have lost their land, for which they were compensated by the $900,000 jury award. They have lost use of the land during the pendency of the litigation, for which they were awarded prejudgment and postjudgment interest. They have incurred expenses in assuring that the District fully compensated them for the taking, for which they were awarded attorney's fees at the trial level. Now, the Garners have incurred expenses in defending the appeal. To place them in the position they were in prior to the taking, we grant their request for attorney's fees and costs incurred on appeal.

Therefore, we award the Garners $10,000 in attorney's fees and $458.79 in costs for successfully defending this appeal.

GLADWIN, J., not participating.